IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| TIMOTHY W. REPASS AND WILLIAM SCOTT McCANDLESS, individually and on behalf of all others similarly situated, <br>  *Plaintiffs,* <br> <br> v. <br> <br> TNT CRANE AND RIGGING, INC., <br>  *Defendant.* | § § § § § § § § § § §  NO. 7:18-CV-00107-DC-RCG |

### REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiffs Timothy W. Repass and William Scott McCandless's, individually and on behalf of all others similarly situated, Opposed Motion for Expedited Conditional Certification of Collective Action and Judicially-Supervised Notice Under Section 216(b) and Brief in Support (Motion for Conditional Certification and Notice to Potential Plaintiffs). (Doc. 20). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 25). After due consideration, the undersigned **RECOMMENDS** that Plaintiffs' Motion for Conditional Certification and Notice to Potential Plaintiffs be **GRANTED IN PART**. (Doc. 20).

#### I.   FACTUAL BACKGROUND

On June 18, 2018, Plaintiffs filed this case as a collective action alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* (Doc. 1). Plaintiffs filed their First Amended Complaint on July 11, 2018, adding claims under the New Mexico Minimum Wage Act, NMSA § 50–4–19, *et. seq.* (Doc. 12). Defendant TNT Crane and Rigging, Inc. (Defendant) is "one of the largest crane [and rigging companies] in the world" and provides lifting services throughout North America. (Doc. 12 at 5). Plaintiffs worked for Defendant as crane operators.

*Id*. at 5. According to Plaintiffs, Defendant operates its business out of yards in Midland, San Antonio, and Houston, Texas. (Doc. 20 at 2). Plaintiffs claim Defendant failed to properly compensate its employees for overtime, including for "drive time" or "off-the-clock" preparatory and concluding time. *Id*. at 9.

On August 17, 2018, Plaintiffs filed the instant Motion for Conditional Certification and Notice to Potential Plaintiffs. (Doc. 20). Plaintiffs seek to conditionally certify the following class:

> **ALL CURRENT AND FORMER CRANE OPERATORS OF DEFENDANT WHO WORKED OUT OF DEFENDANT'S MIDLAND, SAN ANTONIO, OR HOUSTON YARDS AT ANY TIME IN THE LAST THREE YEARS.**

(Doc. 20 at 6). Plaintiffs also move for judicially-supervised notice to the class members and for equitable tolling of the statute of limitations. (Doc. 20 at 10–14). Defendant filed its Response on September 7, 2018. (Doc. 23). Plaintiffs replied on September 11, 2018. (Doc. 24).

## II. LEGAL STANDARD

An employee may bring an action for violations of the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under Section 216(b) provides for a procedure for plaintiffs to "opt-in," i.e., affirmatively notify the court of their intention to become parties to the collective action. *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (unpublished) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Although the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant notice in a case brought under the FLSA, the majority of

courts within the Fifth Circuit have adopted the *Lusardi* two-stage approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id*. After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Id*. At that point, the court will fully evaluate the merits of the class certification. *Id*.

### III.   DISCUSSION

#### A. Conditional Certification of Class

Plaintiffs seek conditional certification on behalf of a class of similarly-situated persons; accordingly, the Court need only address the "notice stage" of the *Lusardi* inquiry at this time. Plaintiffs seek to certify the following class:

---

[1] *See, e.g., Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011.

> **[A]LL CURRENT AND FORMER CRANE OPERATORS OF DEFENDANT WHO WORKED OUT OF DEFENDANT'S MIDLAND, SAN ANTONIO, OR HOUSTON YARDS AT ANY TIME IN THE LAST THREE YEARS.**

(Doc. 20 at 6).

During the notice stage, the plaintiff must show that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010).

During the notice stage, the court makes its decision "usually based only on the pleadings and any affidavits which have been submitted[.]" *Id.* Courts "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8. "FLSA collective actions are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding common issues of law and fact arising from the same alleged activity." *Tolentino*, 716 F. Supp. 2d at 646.

  1. *Reasonable Basis for Existence of Aggrieved Individuals*

To support the instant motion, Plaintiffs attach their own declarations and the declarations of Allen Payne, Daniel Venable, and Jeremy Emmert. (Docs. 20-1, 20-2, 20-3, 20-4, 20-5). The declarants allege the following: Defendant TNT Crane and Rigging employed crane operators based out of its Midland, San Antonio, and Houston, Texas yards. *Id*. All the declarants worked as crane operators for Defendant. *Id*. Defendant paid the crane operators on an hourly basis. (Doc. 20-1 at 1). The declarants state that if they worked more than forty hours a week, they were compensated with "time and a half" of their regular hourly rate "for some, but not all,

4

of those hours over forty." *Id*. Declarants assert that, based on their conversations with other crane operators, they are aware that all crane operators were paid in the same way. *Id*. Declarants further state that they worked long hours—"frequently more than 100 hours in a week." *Id*. at 2. However, Declarants assert they were not paid for many of those hours "because [they] were only paid for the time spent at TNT's customer's job sites." *Id*. Additionally, declarants allege the were not compensated for their "drive time to or from the job site." *Id*. at 3. In light of these allegations, the Court should find that Plaintiffs have met the low burden at the notice stage of demonstrating a reasonable basis for crediting their claims that other aggrieved individuals exist.

2. *Aggrieved Individuals are Similarly Situated to Plaintiffs*

Plaintiffs argue that the aggrieved individuals are all similarly situated. (Doc. 20 at 9). Plaintiffs assert they have identified additional crane operators who performed similar duties, were paid hourly and were eligible for overtime, and worked off the clock for Defendant. *Id*. In response, Defendant argues that the employees are not similarly situated because of the "differing work" performed at the Midland, San Antonio, and Houston yards. (Doc. 23 at 7). Defendant asserts that the employees had different drive times and job duties across the various locations because the work the employees performed in Midland mostly revolved around the oil and gas industry, while the San Antonio and Houston offices served a wider array of industries. *Id*. at 7–8.

Plaintiffs allege that all crane operators, regardless of their locations, were paid time and a half of their hourly rate "for some, but not all, of those hours over forty." (Doc. 20-1 at 1). Additionally, Plaintiffs assert that all crane operators, across all the locations, performed substantially similar job functions, including work in the oil fields, "rigging up and rigging down," operating Defendant's cranes, inspecting and servicing Defendant's cranes, and

completing Job Safety Analyses (JSAs). *Id*. Plaintiffs allege that they were only compensated for the time actually spent on the "customer's job site," but not for the "work before and after driving to the customer's job site" or the time driving to the customer's job site. *Id*. at 2–3.

At the notice-stage under *Lusardi*, a plaintiff need only provide substantial allegations that class members were victims of a single decision, policy, or plan. *Pedigo v. 3003 S. Lamar, LLP*, 666 F.Supp. 2d 693, 698 (W.D. Tex. 2009). A plaintiff is not required to show that class members are identical. *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 468 (S.D. Tex. 2012). Rather, plaintiffs must show that class members are "similarly situated . . . in relevant respects given the claims and defenses asserted." *Id*. at 466 (emphasis added). Accordingly, the question before the Court is whether the differences between class members are relevant to the claims made by Plaintiffs.

In the instant case, Plaintiffs have presented evidence of a widespread pay policy that violated the FLSA, namely, the failure to pay Plaintiffs for overtime, specifically "drive time" and "off-the-clock time." As such, Plaintiffs have raised substantial allegations to bind themselves to the putative class members as victims of the same decision, policy, or plan. Further, the varied nature of the work across the Midland, San Antonio, and Houston locations does not prevent a finding that all of the aggrieved individuals were similarly situated. Regardless of the location, Plaintiffs allege that all crane operators working for Defendant were not paid for preparatory and concluding work or for drive time. (Doc. 20-1 at 3). Accordingly, the Court should find that Plaintiffs have met the low burden at the notice stage of demonstrating that the aggrieved individuals are similarly situated.

    3. *Aggrieved Individuals Desire to Opt-In*

Finally, Plaintiffs have made a sufficient showing that other current or former crane operators wish to opt-in to the instant action. According to Plaintiffs' declarations and the declarations of Allen Payne, Daniel Venable, and Jeremy Emmert, Plaintiffs know other crane operators "who would join the collective action to try to recover their off-the-clock overtime compensation." (*See* Docs. 20-1 at 4; 20-2 at 4; 20-3 at 6; 20-4 at 4). Considering the lenient standard at this stage, the Court should conditionally certify a collective action. *See Tolentino*, 716 F. Supp. 2d at 653. Accordingly, the undersigned **RECOMMENDS** the Court conditionally certify the following class:

> **ALL CURRENT AND FORMER CRANE OPERATORS OF DEFENDANT WHO WORKED OUT OF DEFENDANT'S MIDLAND, SAN ANTONIO, OR HOUSTON YARDS AT ANY TIME IN THE LAST THREE YEARS.**

### B. Plaintiffs' Proposed Notice

Plaintiffs request the Court approve the proposed notice and consent forms attached to the Motion for Conditional Certification and Notice to Potential Plaintiffs. (Docs. 20-6, 20-7). Defendant requests an opportunity to address these objections and provide its input on the form Notice and Consent if the Court grants conditional certification. (Doc. 23 at 8). In their Reply, Plaintiffs reject all Defendant's objections to the proposed method of notice. (Doc. 24 at 5–6).

The undersigned **RECOMMENDS** that the parties be **ORDERED** to confer in an attempt to agree upon the content and form of notice as well as an appropriate manner for distributing it.

### C. Plaintiffs' Request for Equitable Tolling

Plaintiffs seek equitable tolling of the statute of limitations—to June 18, 2018—for the benefit of potential class members who may choose to opt-in to this action but whose claims may be adversely affected by the normal running of the FLSA limitations period. (Doc. 20 at

7

12–13). Plaintiffs argue equitable tolling is warranted because they diligently pursued their claims and that any delay associated with the motion to conditionally certify is "beyond [P]laintiff's control." *Id.* Defendants argue Plaintiffs have failed to meet their burden of showing that extraordinary circumstances exist justifying equitable tolling. (Doc. 23 at 9).

A district court has discretion regarding whether to equitably toll the statute of limitations in an FLSA case when the plaintiffs demonstrates that "he has been pursuing his rights diligently, . . . and . . . some extraordinary circumstance [applies]." *Sandoz v. Cingular Wireless, L.L.C.*, 700 F.App'x. 317, 320 (5th Cir. 2017). "[T]he Fifth Circuit takes a strict view of the FLSA's provision that statute of limitations run from the opt-in date, and the court cannot change the terms of the statute unless warranted by extraordinary circumstances." *Mejia v. Bros. Petroleum, LLC*, No. CIV.A 12-2842, 2014 WL 3853580, at *1 (E.D. La. Aug. 4, 2014). Because Plaintiffs are unable to articulate any extraordinary circumstance warranting equitable tolling, the undersigned **RECOMMENDS** Plaintiffs' motion for equitable tolling be **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** Plaintiffs' Motion for Conditional Certification and Notice to Potential Plaintiffs be **GRANTED IN PART**, and the class proposed by Plaintiffs should be conditionally certified. (Doc. 20).

Further, the undersigned **RECOMMENDS** that that the parties be **ORDERED** to confer in an attempt to agree upon the content and form of notice as well as an appropriate manner for distributing it. (Doc. 20).

Lastly, the undersigned **RECOMMENDS** Plaintiffs' motion for equitable tolling be **DENIED**. (Doc. 20).

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 17th day of January, 2019.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE