# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | NO. 7:18-CV-107-DC |
| vs. | § § | |
| TNT CRANE AND RIGGING, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT TNT CRANE AND RIGGING, INC'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF TIMOTHY REPASS**

Defendant TNT Crane and Rigging, Inc. ("Defendant" or "TNT") serves this First Set of

Interrogatories to Plaintiff Timothy Repass ("Royall") under Federal Rule of Civil Procedure 33.

These Interrogatories must be answered separately and fully in writing, under oath, within 30 days

of service or at such other time as ordered by the Court or agreed on by the parties.

Dated: December 11, 2019                Respectfully submitted,

_/s/ G. Mark Jodon_
G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Jonathan A. Sprague
Texas State Bar No. 24075113
jsprague@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT TNT
CRANE AND RIGGING, INC.

## **CERTIFICATE OF SERVICE**

This is to certify that on December 11, 2019, the foregoing document was served by email and certified mail, return receipt requested, to:

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com

Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com

*/s/ G. Mark Jodon*
G. Mark Jodon

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "communication," "document," "identify," "person," and "concerning" have the definitions set forth in Local Rule CV-26.b.

2.      "You" or "your" or "Repass" refers to Plaintiff Timothy Repass and any or all persons acting or purporting to act on his behalf.

3.      "Defendant" or "TNT" refers to Defendant TNT Crane and Rigging, Inc. and its employees, agents, and representatives.

4.      "Each" includes the word "every," and "every" includes the word "each."  "Any" includes the word "all," and "all" includes the word "any."  "And" includes the word "or," and "or" includes the word "and."

5.      "Including" means "including, but not limited to."

6.      The terms "relate to," "related to," "relating to," "regarding," and "concerning" mean "refer to," "constitute," "contain," "mention," "discuss," "describe," or "comment upon."

7.      "Fact" includes all acts, transactions, facts, occurrences, practices, policies, and courses of conduct as a source or basis upon which knowledge of such fact is based.

8.       "Statement" means: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording or a witness's oral statement, or a substantially verbatim transcription of such a recording.

9.      The singular and masculine form of any noun or pronoun embraces, and should be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

10.     "Complaint" means Plaintiff's First Amended Complaint filed in the United States District Court for the Western District of Texas; Case 7:18-cv-192; *Timothy W. Repass and William Scott McCandless v. TNT Crane and Rigging, Inc*.

11.     Unless conclusively negated by the context of the interrogatory, the above definitions and instructions are applicable to all interrogatories contained herein.

<u>**TNT'S FIRST SET OF INTERROGATORIES TO REPASS**</u>

**INTERROGATORY NO. 1:**  Identify each person known or believed by you to have personal knowledge of any of the facts at issue or involved in this lawsuit or any of the events underlying the allegations in the Complaint.

    **RESPONSE:**


**INTERROGATORY NO. 2:**  Identify, by stating their names, job titles, address, phone number, and email address, all current or former employees of TNT with whom you have communicated regarding any of the allegations in your Complaint, including the date and substance of each communication and all documents and electronically stored information (ESI) which relate to each communication.

    **RESPONSE:**


**INTERROGATORY NO. 3:**    Identify each work week during your employment with TNT for which you claim you are owed unpaid overtime wages or any other wages, compensation, or monies.  For each work week identified:

    a.      the date the workweek began;

    b.      the total number of hours that you worked that week;

    c.      the total amount of overtime wages (or other wages, compensation or monies) that you claim to be owed for that week; and

    d.      the reason you claim you were not properly paid.

    **RESPONSE:**


**INTERROGATORY NO. 4:**  To the extent not encompassed by Interrogatory No. 3, please state separately the amount in dollars of each type of alleged damages or loss for which you are seeking recovery in this lawsuit, and (a) explain the factual basis for each such type of damage or loss, and (b) explain how you calculated or determined each such type of damage or loss.

    **RESPONSE:**

**INTERROGATORY NO. 5:**   Identify and provide the date of each formal and informal complaint, claim, charge, grievance, or allegation that you have made against any employer, supervisor, or co-worker during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

**RESPONSE:**

**INTERROGATORY NO. 6:**   Identify each person from whom written and signed (or otherwise adopted or approved), recorded or transcribed statements or reports have been obtained with respect to any of the matters relating to the allegations in your Complaint and for each person identified, identify all documents or ESI that evidence such statements or reports.

**RESPONSE:**

**INTERROGATORY NO. 7:**   Have you ever been arrested, entered a plea of guilty or *nolo contendere*, received a deferred adjudication or probation, or been convicted of a crime?  If so, state the following:

     a.     the style, case number, and court (e.g., *State v. Smith*, Cause No. 01-01, Harris County District Court);

     b.     the legal counsel involved;

     c.     the original offense(s) charged;

     d.     the offense of which you were convicted, entered a plea of guilty or *nolo contendere*, or received a deferred adjudication or probation before judgment; and

     e.     the final disposition.

**RESPONSE:**

**INTERROGATORY NO. 8:**   Excluding the present lawsuit, please list all charges, claims, lawsuits, or legal proceedings of any type, in which you have been involved as a party or witness in the past 10 years and with respect to each, state the following:

     a.     the full style of the case, including case number and court, or agency and administrative proceeding number, and the identities of all parties;

     b.     the current status of each matter; and

       c.      the allegations generally being made in the suit or administrative proceeding.

**RESPONSE:**


**INTERROGATORY NO. 9:**  Identify the date and substance of each and every posting you have made to Facebook, MySpace, LinkedIn, Instagram, Twitter, Snapchat, or any blog, message board, or other internet site that in any way concerns or relates to any of the allegations in this lawsuit, including, but not limited to, your employment with TNT or the existence of the present lawsuit, including in your answer the URL of the site to which the posting was made.

    **RESPONSE:**


**INTERROGATORY NO. 10**:   Identify every email account and user name that you have used from the time your employment with TNT started to present.

    **RESPONSE:**


**INTERROGATORY NO. 11**:  Describe or identify each and every policy, directive, and procedure issued, provided, or communicated to you by TNT relating to travel time.

    **RESPONSE:**


**INTERROGATORY NO. 12**:  Identify each current or former employee, supervisor, agent, or representative of TNT who you believe has information or knowledge concerning any travel time, preparatory work, or concluding work you contend you performed for TNT without being paid during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.  For each person identified, provide their position with TNT.

    **RESPONSE:**


**INTERROGATORY NO. 13:**  Using the chart below, state the number of hours that you claim you did not receive full payment while allegedly traveling to or from your job site in each of the weeks listed in the chart.  For purposes of this chart, any hours allegedly worked in a workweek *without* full pay should be captured in the second column.

**RESPONSE:**

| Workweek (Monday Through Sunday) | Number of Travel Time Hours You Claim You Worked Without Receiving Full Pay |
|---|---|
| 6/18/2015 - 6/21/2015 | |
| 6/22/2015 - 6/28/2015 | |
| 6/29/2015 - 7/5/2015 | |
| 7/6/2015 - 7/12/2015 | |
| 7/13/2015 - 7/19/2015 | |
| 7/20/2015 - 7/26/2015 | |
| 7/27/2015 - 8/2/2015 | |
| 8/3/2015 - 8/9/2015 | |
| 8/10/2015 - 8/16/2015 | |
| 8/17/2015 - 8/23/2015 | |
| 8/24/2015 - 8/30/2015 | |
| 8/31/2015 - 9/6/2015 | |
| 9/7/2015 - 9/13/2015 | |
| 9/14/2015 - 9/20/2015 | |
| 9/21/2015 - 9/27/2015 | |
| 9/28/2015 - 10/4/2015 | |
| 10/5/2015 - 10/11/2015 | |
| 10/12/2015 - 10/18/2015 | |
| 10/19/2015 - 10/25/2015 | |
| 10/26/2015 - 11/1/2015 | |
| 11/2/2015 - 11/8/2015 | |
| 11/9/2015 - 11/15/2015 | |
| 11/16/2015 - 11/22/2015 | |
| 11/23/2015 - 11/29/2015 | |
| 11/30/2015 - 12/6/2015 | |
| 12/7/2015 - 12/13/2015 | |
| 12/14/2015 - 12/20/2015 | |
| 12/21/2015 - 12/27/2015 | |
| 12/28/2015 - 1/3/2016 | |
| 1/4/2016 - 1/10/2016 | |
| 1/11/2016 - 1/17/2016 | |
| 1/18/2016 - 1/24/2016 | |
| 1/25/2016 - 1/31/2016 | |
| 2/1/2016 - 2/7/2016 | |
| 2/8/2016 - 2/14/2016 | |
| 2/15/2016 - 2/21/2016 | |
| 2/22/2016 - 2/28/2016 | |
| 2/29/2016 - 3/6/2016 | |
| 3/7/2016 - 3/13/2016 | |
| 3/14/2016 - 3/20/2016 | |
| 3/21/2016 - 3/27/2016 | |

| | |
|---|---|
| 3/28/2016 - 4/3/2016 | |
| 4/4/2016 - 4/10/2016 | |
| 4/11/2016 - 4/17/2016 | |
| 4/18/2016 - 4/24/2016 | |
| 4/25/2016 - 5/1/2016 | |
| 5/2/2016 - 5/8/2016 | |
| 5/9/2016 - 5/15/2016 | |
| 5/16/2016 - 5/22/2016 | |
| 5/23/2016 - 5/29/2016 | |
| 5/30/2016 - 6/5/2016 | |
| 6/6/2016 - 6/12/2016 | |
| 6/13/2016 - 6/19/2016 | |
| 6/20/2016 - 6/26/2016 | |
| 6/27/2016 - 7/3/2016 | |
| 7/4/2016 - 7/10/2016 | |
| 7/11/2016 - 7/17/2016 | |
| 7/18/2016 - 7/24/2016 | |
| 7/25/2016 - 7/31/2016 | |
| 8/1/2016 - 8/7/2016 | |
| 8/8/2016 - 8/14/2016 | |
| 8/15/2016 - 8/21/2016 | |
| 8/22/2016 - 8/28/2016 | |
| 8/29/2016 - 9/4/2016 | |
| 9/5/2016 - 9/11/2016 | |
| 9/12/2016 - 9/18/2016 | |
| 9/19/2016 - 9/25/2016 | |
| 9/26/2016 - 10/2/2016 | |
| 10/3/2016 - 10/9/2016 | |
| 10/10/2016 - 10/16/2016 | |
| 10/17/2016 - 10/23/2016 | |
| 10/24/2016 - 10/30/2016 | |
| 10/31/2016 - 11/6/2016 | |
| 11/7/2016 - 11/13/2016 | |
| 11/14/2016 - 11/20/2016 | |
| 11/21/2016 - 11/27/2016 | |
| 11/28/2016 - 12/4/2016 | |
| 12/5/2016 - 12/11/2016 | |
| 12/12/2016 - 12/18/2016 | |
| 12/19/2016 - 12/25/2016 | |
| 12/26/2016 - 1/1/2017 | |
| 1/2/2017 - 1/8/2017 | |
| 1/9/2017 - 1/15/2017 | |
| 1/16/2017 - 1/22/2017 | |
| 1/23/2017 - 1/29/2017 | |
| 1/30/2017 - 2/5/2017 | |

| | |
|---|---|
| 2/6/2017 - 2/12/2017 | |
| 2/13/2017 - 2/19/2017 | |
| 2/20/2017 - 2/26/2017 | |
| 2/27/2017 - 3/5/2017 | |
| 3/6/2017 - 3/12/2017 | |
| 3/13/2017 - 3/19/2017 | |
| 3/20/2017 - 3/26/2017 | |
| 3/27/2017 - 4/2/2017 | |
| 4/3/2017 - 4/9/2017 | |
| 4/10/2017 - 4/16/2017 | |
| 4/17/2017 - 4/23/2017 | |
| 4/24/2017 - 4/30/2017 | |
| 5/1/2017 - 5/7/2017 | |
| 5/8/2017 - 5/14/2017 | |
| 5/15/2017 - 5/21/2017 | |
| 5/22/2017 - 5/28/2017 | |
| 5/29/2017 - 6/4/2017 | |
| 6/5/2017 - 6/11/2017 | |
| 6/12/2017 - 6/18/2017 | |
| 6/19/2017 - 6/25/2017 | |
| 6/26/2017 - 7/2/2017 | |
| 7/3/2017 - 7/9/2017 | |
| 7/10/2017 - 7/16/2017 | |
| 7/17/2017 - 7/23/2017 | |
| 7/24/2017 - 7/30/2017 | |
| 7/31/2017 - 8/6/2017 | |
| 8/7/2017 - 8/13/2017 | |
| 8/14/2017 - 8/20/2017 | |
| 8/21/2017 - 8/27/2017 | |
| 8/28/2017 - 9/3/2017 | |
| 9/4/2017 - 9/10/2017 | |
| 9/11/2017 - 9/17/2017 | |
| 9/18/2017 - 9/24/2017 | |
| 9/25/2017 - 10/1/2017 | |
| 10/2/2017 - 10/8/2017 | |
| 10/9/2017 - 10/15/2017 | |
| 10/16/2017 - 10/22/2017 | |
| 10/23/2017 - 10/29/2017 | |
| 10/30/2017 - 11/5/2017 | |
| 11/6/2017 - 11/12/2017 | |
| 11/13/2017 - 11/19/2017 | |
| 11/20/2017 - 11/26/2017 | |
| 11/27/2017 - 12/3/2017 | |
| 12/4/2017 - 12/10/2017 | |
| 12/11/2017 - 12/17/2017 | |

| | |
|---|---|
| 12/18/2017 - 12/24/2017 | |
| 12/25/2017 - 12/31/2017 | |
| 1/1/2018 - 1/7/2018 | |
| 1/8/2018 - 1/14/2018 | |
| 1/15/2018 - 1/21/2018 | |
| 1/22/2018 - 1/28/2018 | |
| 1/29/2018 - 2/4/2018 | |
| 2/5/2018 - 2/11/2018 | |
| 2/12/2018 - 2/18/2018 | |
| 2/19/2018 - 2/25/2018 | |
| 2/26/2018 - 3/4/2018 | |
| 3/5/2018 - 3/11/2018 | |
| 3/12/2018 - 3/18/2018 | |
| 3/19/2018 - 3/25/2018 | |
| 3/26/2018 - 4/1/2018 | |
| 4/2/2018 - 4/8/2018 | |
| 4/9/2018 - 4/15/2018 | |
| 4/16/2018 - 4/22/2018 | |
| 4/23/2018 - 4/29/2018 | |
| 4/30/2018 - 5/6/2018 | |
| 5/7/2018 - 5/13/2018 | |
| 5/14/2018 - 5/20/2018 | |
| 5/21/2018 - 5/27/2018 | |
| 5/28/2018 - 6/3/2018 | |
| 6/4/2018 - 6/10/2018 | |
| 6/11/2018 - 6/17/2018 | |
| 6/18/2018 - 6/24/2018 | |
| 6/25/2018 - 7/1/2018 | |
| 7/2/2018 - 7/8/2018 | |
| 7/9/2018 - 7/15/2018 | |
| 7/16/2018 - 7/22/2018 | |
| 7/23/2018 - 7/29/2018 | |
| 7/30/2018 - 8/5/2018 | |
| 8/6/2018 - 8/12/2018 | |
| 8/13/2018 - 8/19/2018 | |
| 8/20/2018 - 8/26/2018 | |
| 8/27/2018 - 9/2/2018 | |
| 9/3/2018 - 9/9/2018 | |
| 9/10/2018 - 9/16/2018 | |
| 9/17/2018 - 9/23/2018 | |
| 9/24/2018 - 9/30/2018 | |
| 10/1/2018 - 10/7/2018 | |
| 10/8/2018 - 10/14/2018 | |
| 10/15/2018 - 10/21/2018 | |
| 10/22/2018 - 10/28/2018 | |

| | |
|---|---|
| 10/29/2018 - 11/4/2018 | |
| 11/5/2018 - 11/11/2018 | |
| 11/12/2018 - 11/18/2018 | |
| 11/19/2018 - 11/25/2018 | |
| 11/26/2018 - 12/2/2018 | |
| 12/3/2018 - 12/9/2018 | |
| 12/10/2018 - 12/16/2018 | |
| 12/17/2018 - 12/23/2018 | |
| 12/24/2018 - 12/30/2018 | |
| 12/31/2018 - 1/6/2019 | |
| 1/7/2019 - 1/13/2019 | |
| 1/14/2019 - 1/20/2019 | |
| 1/21/2019 - 1/27/2019 | |
| 1/28/2019 - 2/3/2019 | |
| 2/4/2019 - 2/10/2019 | |
| 2/11/2019 - 2/17/2019 | |
| 2/18/2019 - 2/24/2019 | |
| 2/25/2019 - 3/3/2019 | |
| 3/4/2019 - 3/10/2019 | |
| 3/11/2019 - 3/17/2019 | |
| 3/18/2019 - 3/24/2019 | |
| 3/25/2019 - 3/31/2019 | |
| 4/1/2019 - 4/7/2019 | |
| 4/8/2019 - 4/14/2019 | |
| 4/15/2019 - 4/21/2019 | |
| 4/22/2019 - 4/28/2019 | |
| 4/29/2019 - 5/5/2019 | |
| 5/6/2019 - 5/12/2019 | |
| 5/13/2019 - 5/19/2019 | |
| 5/20/2019 - 5/26/2019 | |
| 5/27/2019 - 6/2/2019 | |
| 6/3/2019 - 6/9/2019 | |
| 6/10/2019 - 6/16/2019 | |
| 6/17/2019 - 6/23/2019 | |
| 6/24/2019 - 6/30/2019 | |
| 7/1/2019 - 7/7/2019 | |
| 7/8/2019 - 7/14/2019 | |
| 7/15/2019 - 7/21/2019 | |
| 7/22/2019 - 7/28/2019 | |
| 7/29/2019 - 8/4/2019 | |
| 8/5/2019 - 8/11/2019 | |
| 8/12/2019 - 8/18/2019 | |
| 8/19/2019 - 8/25/2019 | |
| 8/26/2019 - 9/1/2019 | |
| 9/2/2019 - 9/8/2019 | |

| | |
|---|---|
| 9/9/2019 - 9/15/2019 | |
| 9/16/2019 - 9/22/2019 | |
| 9/23/2019 - 9/29/2019 | |
| 9/30/2019 - 10/6/2019 | |
| 10/7/2019 - 10/13/2019 | |
| 10/14/2019 - 10/20/2019 | |
| 10/21/2019 - 10/27/2019 | |
| 10/28/2019 - 11/3/2019 | |
| 11/4/2019 - 11/10/2019 | |
| 11/11/2019 - 11/17/2019 | |
| 11/18/2019 - 11/24/2019 | |

**INTERROGATORY NO. 14:**  Using the chart below, state the number of hours that you claim you did not receive full payment while allegedly performing preparatory or concluding work in each of the weeks listed in the chart.  For purposes of this chart, any hours allegedly worked in a workweek *without* full pay should be captured in the second column.

**RESPONSE:**

| Workweek (Monday Through Sunday) | Number of Preparatory and Concluding Work Hours You Claim You Worked Without Receiving Full Pay |
|---|---|
| 6/18/2015 - 6/21/2015 | |
| 6/22/2015 - 6/28/2015 | |
| 6/29/2015 - 7/5/2015 | |
| 7/6/2015 - 7/12/2015 | |
| 7/13/2015 - 7/19/2015 | |
| 7/20/2015 - 7/26/2015 | |
| 7/27/2015 - 8/2/2015 | |
| 8/3/2015 - 8/9/2015 | |
| 8/10/2015 - 8/16/2015 | |
| 8/17/2015 - 8/23/2015 | |
| 8/24/2015 - 8/30/2015 | |
| 8/31/2015 - 9/6/2015 | |
| 9/7/2015 - 9/13/2015 | |
| 9/14/2015 - 9/20/2015 | |
| 9/21/2015 - 9/27/2015 | |
| 9/28/2015 - 10/4/2015 | |
| 10/5/2015 - 10/11/2015 | |
| 10/12/2015 - 10/18/2015 | |
| 10/19/2015 - 10/25/2015 | |
| 10/26/2015 - 11/1/2015 | |
| 11/2/2015 - 11/8/2015 | |
| 11/9/2015 - 11/15/2015 | |

| | |
|---|---|
| 11/16/2015 - 11/22/2015 | |
| 11/23/2015 - 11/29/2015 | |
| 11/30/2015 - 12/6/2015 | |
| 12/7/2015 - 12/13/2015 | |
| 12/14/2015 - 12/20/2015 | |
| 12/21/2015 - 12/27/2015 | |
| 12/28/2015 - 1/3/2016 | |
| 1/4/2016 - 1/10/2016 | |
| 1/11/2016 - 1/17/2016 | |
| 1/18/2016 - 1/24/2016 | |
| 1/25/2016 - 1/31/2016 | |
| 2/1/2016 - 2/7/2016 | |
| 2/8/2016 - 2/14/2016 | |
| 2/15/2016 - 2/21/2016 | |
| 2/22/2016 - 2/28/2016 | |
| 2/29/2016 - 3/6/2016 | |
| 3/7/2016 - 3/13/2016 | |
| 3/14/2016 - 3/20/2016 | |
| 3/21/2016 - 3/27/2016 | |
| 3/28/2016 - 4/3/2016 | |
| 4/4/2016 - 4/10/2016 | |
| 4/11/2016 - 4/17/2016 | |
| 4/18/2016 - 4/24/2016 | |
| 4/25/2016 - 5/1/2016 | |
| 5/2/2016 - 5/8/2016 | |
| 5/9/2016 - 5/15/2016 | |
| 5/16/2016 - 5/22/2016 | |
| 5/23/2016 - 5/29/2016 | |
| 5/30/2016 - 6/5/2016 | |
| 6/6/2016 - 6/12/2016 | |
| 6/13/2016 - 6/19/2016 | |
| 6/20/2016 - 6/26/2016 | |
| 6/27/2016 - 7/3/2016 | |
| 7/4/2016 - 7/10/2016 | |
| 7/11/2016 - 7/17/2016 | |
| 7/18/2016 - 7/24/2016 | |
| 7/25/2016 - 7/31/2016 | |
| 8/1/2016 - 8/7/2016 | |
| 8/8/2016 - 8/14/2016 | |
| 8/15/2016 - 8/21/2016 | |
| 8/22/2016 - 8/28/2016 | |
| 8/29/2016 - 9/4/2016 | |
| 9/5/2016 - 9/11/2016 | |
| 9/12/2016 - 9/18/2016 | |
| 9/19/2016 - 9/25/2016 | |

| | |
|---|---|
| 9/26/2016 - 10/2/2016 | |
| 10/3/2016 - 10/9/2016 | |
| 10/10/2016 - 10/16/2016 | |
| 10/17/2016 - 10/23/2016 | |
| 10/24/2016 - 10/30/2016 | |
| 10/31/2016 - 11/6/2016 | |
| 11/7/2016 - 11/13/2016 | |
| 11/14/2016 - 11/20/2016 | |
| 11/21/2016 - 11/27/2016 | |
| 11/28/2016 - 12/4/2016 | |
| 12/5/2016 - 12/11/2016 | |
| 12/12/2016 - 12/18/2016 | |
| 12/19/2016 - 12/25/2016 | |
| 12/26/2016 - 1/1/2017 | |
| 1/2/2017 - 1/8/2017 | |
| 1/9/2017 - 1/15/2017 | |
| 1/16/2017 - 1/22/2017 | |
| 1/23/2017 - 1/29/2017 | |
| 1/30/2017 - 2/5/2017 | |
| 2/6/2017 - 2/12/2017 | |
| 2/13/2017 - 2/19/2017 | |
| 2/20/2017 - 2/26/2017 | |
| 2/27/2017 - 3/5/2017 | |
| 3/6/2017 - 3/12/2017 | |
| 3/13/2017 - 3/19/2017 | |
| 3/20/2017 - 3/26/2017 | |
| 3/27/2017 - 4/2/2017 | |
| 4/3/2017 - 4/9/2017 | |
| 4/10/2017 - 4/16/2017 | |
| 4/17/2017 - 4/23/2017 | |
| 4/24/2017 - 4/30/2017 | |
| 5/1/2017 - 5/7/2017 | |
| 5/8/2017 - 5/14/2017 | |
| 5/15/2017 - 5/21/2017 | |
| 5/22/2017 - 5/28/2017 | |
| 5/29/2017 - 6/4/2017 | |
| 6/5/2017 - 6/11/2017 | |
| 6/12/2017 - 6/18/2017 | |
| 6/19/2017 - 6/25/2017 | |
| 6/26/2017 - 7/2/2017 | |
| 7/3/2017 - 7/9/2017 | |
| 7/10/2017 - 7/16/2017 | |
| 7/17/2017 - 7/23/2017 | |
| 7/24/2017 - 7/30/2017 | |
| 7/31/2017 - 8/6/2017 | |

| | |
|---|---|
| 8/7/2017 - 8/13/2017 | |
| 8/14/2017 - 8/20/2017 | |
| 8/21/2017 - 8/27/2017 | |
| 8/28/2017 - 9/3/2017 | |
| 9/4/2017 - 9/10/2017 | |
| 9/11/2017 - 9/17/2017 | |
| 9/18/2017 - 9/24/2017 | |
| 9/25/2017 - 10/1/2017 | |
| 10/2/2017 - 10/8/2017 | |
| 10/9/2017 - 10/15/2017 | |
| 10/16/2017 - 10/22/2017 | |
| 10/23/2017 - 10/29/2017 | |
| 10/30/2017 - 11/5/2017 | |
| 11/6/2017 - 11/12/2017 | |
| 11/13/2017 - 11/19/2017 | |
| 11/20/2017 - 11/26/2017 | |
| 11/27/2017 - 12/3/2017 | |
| 12/4/2017 - 12/10/2017 | |
| 12/11/2017 - 12/17/2017 | |
| 12/18/2017 - 12/24/2017 | |
| 12/25/2017 - 12/31/2017 | |
| 1/1/2018 - 1/7/2018 | |
| 1/8/2018 - 1/14/2018 | |
| 1/15/2018 - 1/21/2018 | |
| 1/22/2018 - 1/28/2018 | |
| 1/29/2018 - 2/4/2018 | |
| 2/5/2018 - 2/11/2018 | |
| 2/12/2018 - 2/18/2018 | |
| 2/19/2018 - 2/25/2018 | |
| 2/26/2018 - 3/4/2018 | |
| 3/5/2018 - 3/11/2018 | |
| 3/12/2018 - 3/18/2018 | |
| 3/19/2018 - 3/25/2018 | |
| 3/26/2018 - 4/1/2018 | |
| 4/2/2018 - 4/8/2018 | |
| 4/9/2018 - 4/15/2018 | |
| 4/16/2018 - 4/22/2018 | |
| 4/23/2018 - 4/29/2018 | |
| 4/30/2018 - 5/6/2018 | |
| 5/7/2018 - 5/13/2018 | |
| 5/14/2018 - 5/20/2018 | |
| 5/21/2018 - 5/27/2018 | |
| 5/28/2018 - 6/3/2018 | |
| 6/4/2018 - 6/10/2018 | |
| 6/11/2018 - 6/17/2018 | |

| | |
|---|---|
| 6/18/2018 - 6/24/2018 | |
| 6/25/2018 - 7/1/2018 | |
| 7/2/2018 - 7/8/2018 | |
| 7/9/2018 - 7/15/2018 | |
| 7/16/2018 - 7/22/2018 | |
| 7/23/2018 - 7/29/2018 | |
| 7/30/2018 - 8/5/2018 | |
| 8/6/2018 - 8/12/2018 | |
| 8/13/2018 - 8/19/2018 | |
| 8/20/2018 - 8/26/2018 | |
| 8/27/2018 - 9/2/2018 | |
| 9/3/2018 - 9/9/2018 | |
| 9/10/2018 - 9/16/2018 | |
| 9/17/2018 - 9/23/2018 | |
| 9/24/2018 - 9/30/2018 | |
| 10/1/2018 - 10/7/2018 | |
| 10/8/2018 - 10/14/2018 | |
| 10/15/2018 - 10/21/2018 | |
| 10/22/2018 - 10/28/2018 | |
| 10/29/2018 - 11/4/2018 | |
| 11/5/2018 - 11/11/2018 | |
| 11/12/2018 - 11/18/2018 | |
| 11/19/2018 - 11/25/2018 | |
| 11/26/2018 - 12/2/2018 | |
| 12/3/2018 - 12/9/2018 | |
| 12/10/2018 - 12/16/2018 | |
| 12/17/2018 - 12/23/2018 | |
| 12/24/2018 - 12/30/2018 | |
| 12/31/2018 - 1/6/2019 | |
| 1/7/2019 - 1/13/2019 | |
| 1/14/2019 - 1/20/2019 | |
| 1/21/2019 - 1/27/2019 | |
| 1/28/2019 - 2/3/2019 | |
| 2/4/2019 - 2/10/2019 | |
| 2/11/2019 - 2/17/2019 | |
| 2/18/2019 - 2/24/2019 | |
| 2/25/2019 - 3/3/2019 | |
| 3/4/2019 - 3/10/2019 | |
| 3/11/2019 - 3/17/2019 | |
| 3/18/2019 - 3/24/2019 | |
| 3/25/2019 - 3/31/2019 | |
| 4/1/2019 - 4/7/2019 | |
| 4/8/2019 - 4/14/2019 | |
| 4/15/2019 - 4/21/2019 | |
| 4/22/2019 - 4/28/2019 | |

| 4/29/2019 - 5/5/2019 | |
|---|---|
| 5/6/2019 - 5/12/2019 | |
| 5/13/2019 - 5/19/2019 | |
| 5/20/2019 - 5/26/2019 | |
| 5/27/2019 - 6/2/2019 | |
| 6/3/2019 - 6/9/2019 | |
| 6/10/2019 - 6/16/2019 | |
| 6/17/2019 - 6/23/2019 | |
| 6/24/2019 - 6/30/2019 | |
| 7/1/2019 - 7/7/2019 | |
| 7/8/2019 - 7/14/2019 | |
| 7/15/2019 - 7/21/2019 | |
| 7/22/2019 - 7/28/2019 | |
| 7/29/2019 - 8/4/2019 | |
| 8/5/2019 - 8/11/2019 | |
| 8/12/2019 - 8/18/2019 | |
| 8/19/2019 - 8/25/2019 | |
| 8/26/2019 - 9/1/2019 | |
| 9/2/2019 - 9/8/2019 | |
| 9/9/2019 - 9/15/2019 | |
| 9/16/2019 - 9/22/2019 | |
| 9/23/2019 - 9/29/2019 | |
| 9/30/2019 - 10/6/2019 | |
| 10/7/2019 - 10/13/2019 | |
| 10/14/2019 - 10/20/2019 | |
| 10/21/2019 - 10/27/2019 | |
| 10/28/2019 - 11/3/2019 | |
| 11/4/2019 - 11/10/2019 | |
| 11/11/2019 - 11/17/2019 | |
| 11/18/2019 - 11/24/2019 | |

**INTERROGATORY NO. 15:**  Using the chart below, state the number of hours that you claim you did not receive full payment while allegedly performing any other off-the-clock work in each of the weeks listed in the chart that you did not account for in the charts included in Interrogatories 13 and 14.  For purposes of this chart, any hours allegedly worked in a workweek *without* full pay should be captured in the second column.

**RESPONSE:**

| Workweek (Monday Through Sunday) | Number of Hours You Claim You Worked Without Receiving Full Pay |
|---|---|
| 6/18/2015 - 6/21/2015 | |
| 6/22/2015 - 6/28/2015 | |

| | |
|---|---|
| 6/29/2015 - 7/5/2015 | |
| 7/6/2015 - 7/12/2015 | |
| 7/13/2015 - 7/19/2015 | |
| 7/20/2015 - 7/26/2015 | |
| 7/27/2015 - 8/2/2015 | |
| 8/3/2015 - 8/9/2015 | |
| 8/10/2015 - 8/16/2015 | |
| 8/17/2015 - 8/23/2015 | |
| 8/24/2015 - 8/30/2015 | |
| 8/31/2015 - 9/6/2015 | |
| 9/7/2015 - 9/13/2015 | |
| 9/14/2015 - 9/20/2015 | |
| 9/21/2015 - 9/27/2015 | |
| 9/28/2015 - 10/4/2015 | |
| 10/5/2015 - 10/11/2015 | |
| 10/12/2015 - 10/18/2015 | |
| 10/19/2015 - 10/25/2015 | |
| 10/26/2015 - 11/1/2015 | |
| 11/2/2015 - 11/8/2015 | |
| 11/9/2015 - 11/15/2015 | |
| 11/16/2015 - 11/22/2015 | |
| 11/23/2015 - 11/29/2015 | |
| 11/30/2015 - 12/6/2015 | |
| 12/7/2015 - 12/13/2015 | |
| 12/14/2015 - 12/20/2015 | |
| 12/21/2015 - 12/27/2015 | |
| 12/28/2015 - 1/3/2016 | |
| 1/4/2016 - 1/10/2016 | |
| 1/11/2016 - 1/17/2016 | |
| 1/18/2016 - 1/24/2016 | |
| 1/25/2016 - 1/31/2016 | |
| 2/1/2016 - 2/7/2016 | |
| 2/8/2016 - 2/14/2016 | |
| 2/15/2016 - 2/21/2016 | |
| 2/22/2016 - 2/28/2016 | |
| 2/29/2016 - 3/6/2016 | |
| 3/7/2016 - 3/13/2016 | |
| 3/14/2016 - 3/20/2016 | |
| 3/21/2016 - 3/27/2016 | |
| 3/28/2016 - 4/3/2016 | |
| 4/4/2016 - 4/10/2016 | |
| 4/11/2016 - 4/17/2016 | |
| 4/18/2016 - 4/24/2016 | |
| 4/25/2016 - 5/1/2016 | |
| 5/2/2016 - 5/8/2016 | |

| | |
|---|---|
| 5/9/2016 - 5/15/2016 | |
| 5/16/2016 - 5/22/2016 | |
| 5/23/2016 - 5/29/2016 | |
| 5/30/2016 - 6/5/2016 | |
| 6/6/2016 - 6/12/2016 | |
| 6/13/2016 - 6/19/2016 | |
| 6/20/2016 - 6/26/2016 | |
| 6/27/2016 - 7/3/2016 | |
| 7/4/2016 - 7/10/2016 | |
| 7/11/2016 - 7/17/2016 | |
| 7/18/2016 - 7/24/2016 | |
| 7/25/2016 - 7/31/2016 | |
| 8/1/2016 - 8/7/2016 | |
| 8/8/2016 - 8/14/2016 | |
| 8/15/2016 - 8/21/2016 | |
| 8/22/2016 - 8/28/2016 | |
| 8/29/2016 - 9/4/2016 | |
| 9/5/2016 - 9/11/2016 | |
| 9/12/2016 - 9/18/2016 | |
| 9/19/2016 - 9/25/2016 | |
| 9/26/2016 - 10/2/2016 | |
| 10/3/2016 - 10/9/2016 | |
| 10/10/2016 - 10/16/2016 | |
| 10/17/2016 - 10/23/2016 | |
| 10/24/2016 - 10/30/2016 | |
| 10/31/2016 - 11/6/2016 | |
| 11/7/2016 - 11/13/2016 | |
| 11/14/2016 - 11/20/2016 | |
| 11/21/2016 - 11/27/2016 | |
| 11/28/2016 - 12/4/2016 | |
| 12/5/2016 - 12/11/2016 | |
| 12/12/2016 - 12/18/2016 | |
| 12/19/2016 - 12/25/2016 | |
| 12/26/2016 - 1/1/2017 | |
| 1/2/2017 - 1/8/2017 | |
| 1/9/2017 - 1/15/2017 | |
| 1/16/2017 - 1/22/2017 | |
| 1/23/2017 - 1/29/2017 | |
| 1/30/2017 - 2/5/2017 | |
| 2/6/2017 - 2/12/2017 | |
| 2/13/2017 - 2/19/2017 | |
| 2/20/2017 - 2/26/2017 | |
| 2/27/2017 - 3/5/2017 | |
| 3/6/2017 - 3/12/2017 | |
| 3/13/2017 - 3/19/2017 | |

| | |
|---|---|
| 3/20/2017 - 3/26/2017 | |
| 3/27/2017 - 4/2/2017 | |
| 4/3/2017 - 4/9/2017 | |
| 4/10/2017 - 4/16/2017 | |
| 4/17/2017 - 4/23/2017 | |
| 4/24/2017 - 4/30/2017 | |
| 5/1/2017 - 5/7/2017 | |
| 5/8/2017 - 5/14/2017 | |
| 5/15/2017 - 5/21/2017 | |
| 5/22/2017 - 5/28/2017 | |
| 5/29/2017 - 6/4/2017 | |
| 6/5/2017 - 6/11/2017 | |
| 6/12/2017 - 6/18/2017 | |
| 6/19/2017 - 6/25/2017 | |
| 6/26/2017 - 7/2/2017 | |
| 7/3/2017 - 7/9/2017 | |
| 7/10/2017 - 7/16/2017 | |
| 7/17/2017 - 7/23/2017 | |
| 7/24/2017 - 7/30/2017 | |
| 7/31/2017 - 8/6/2017 | |
| 8/7/2017 - 8/13/2017 | |
| 8/14/2017 - 8/20/2017 | |
| 8/21/2017 - 8/27/2017 | |
| 8/28/2017 - 9/3/2017 | |
| 9/4/2017 - 9/10/2017 | |
| 9/11/2017 - 9/17/2017 | |
| 9/18/2017 - 9/24/2017 | |
| 9/25/2017 - 10/1/2017 | |
| 10/2/2017 - 10/8/2017 | |
| 10/9/2017 - 10/15/2017 | |
| 10/16/2017 - 10/22/2017 | |
| 10/23/2017 - 10/29/2017 | |
| 10/30/2017 - 11/5/2017 | |
| 11/6/2017 - 11/12/2017 | |
| 11/13/2017 - 11/19/2017 | |
| 11/20/2017 - 11/26/2017 | |
| 11/27/2017 - 12/3/2017 | |
| 12/4/2017 - 12/10/2017 | |
| 12/11/2017 - 12/17/2017 | |
| 12/18/2017 - 12/24/2017 | |
| 12/25/2017 - 12/31/2017 | |
| 1/1/2018 - 1/7/2018 | |
| 1/8/2018 - 1/14/2018 | |
| 1/15/2018 - 1/21/2018 | |
| 1/22/2018 - 1/28/2018 | |

| | |
|---|---|
| 1/29/2018 - 2/4/2018 | |
| 2/5/2018 - 2/11/2018 | |
| 2/12/2018 - 2/18/2018 | |
| 2/19/2018 - 2/25/2018 | |
| 2/26/2018 - 3/4/2018 | |
| 3/5/2018 - 3/11/2018 | |
| 3/12/2018 - 3/18/2018 | |
| 3/19/2018 - 3/25/2018 | |
| 3/26/2018 - 4/1/2018 | |
| 4/2/2018 - 4/8/2018 | |
| 4/9/2018 - 4/15/2018 | |
| 4/16/2018 - 4/22/2018 | |
| 4/23/2018 - 4/29/2018 | |
| 4/30/2018 - 5/6/2018 | |
| 5/7/2018 - 5/13/2018 | |
| 5/14/2018 - 5/20/2018 | |
| 5/21/2018 - 5/27/2018 | |
| 5/28/2018 - 6/3/2018 | |
| 6/4/2018 - 6/10/2018 | |
| 6/11/2018 - 6/17/2018 | |
| 6/18/2018 - 6/24/2018 | |
| 6/25/2018 - 7/1/2018 | |
| 7/2/2018 - 7/8/2018 | |
| 7/9/2018 - 7/15/2018 | |
| 7/16/2018 - 7/22/2018 | |
| 7/23/2018 - 7/29/2018 | |
| 7/30/2018 - 8/5/2018 | |
| 8/6/2018 - 8/12/2018 | |
| 8/13/2018 - 8/19/2018 | |
| 8/20/2018 - 8/26/2018 | |
| 8/27/2018 - 9/2/2018 | |
| 9/3/2018 - 9/9/2018 | |
| 9/10/2018 - 9/16/2018 | |
| 9/17/2018 - 9/23/2018 | |
| 9/24/2018 - 9/30/2018 | |
| 10/1/2018 - 10/7/2018 | |
| 10/8/2018 - 10/14/2018 | |
| 10/15/2018 - 10/21/2018 | |
| 10/22/2018 - 10/28/2018 | |
| 10/29/2018 - 11/4/2018 | |
| 11/5/2018 - 11/11/2018 | |
| 11/12/2018 - 11/18/2018 | |
| 11/19/2018 - 11/25/2018 | |
| 11/26/2018 - 12/2/2018 | |
| 12/3/2018 - 12/9/2018 | |

| | |
|---|---|
| 12/10/2018 - 12/16/2018 | |
| 12/17/2018 - 12/23/2018 | |
| 12/24/2018 - 12/30/2018 | |
| 12/31/2018 - 1/6/2019 | |
| 1/7/2019 - 1/13/2019 | |
| 1/14/2019 - 1/20/2019 | |
| 1/21/2019 - 1/27/2019 | |
| 1/28/2019 - 2/3/2019 | |
| 2/4/2019 - 2/10/2019 | |
| 2/11/2019 - 2/17/2019 | |
| 2/18/2019 - 2/24/2019 | |
| 2/25/2019 - 3/3/2019 | |
| 3/4/2019 - 3/10/2019 | |
| 3/11/2019 - 3/17/2019 | |
| 3/18/2019 - 3/24/2019 | |
| 3/25/2019 - 3/31/2019 | |
| 4/1/2019 - 4/7/2019 | |
| 4/8/2019 - 4/14/2019 | |
| 4/15/2019 - 4/21/2019 | |
| 4/22/2019 - 4/28/2019 | |
| 4/29/2019 - 5/5/2019 | |
| 5/6/2019 - 5/12/2019 | |
| 5/13/2019 - 5/19/2019 | |
| 5/20/2019 - 5/26/2019 | |
| 5/27/2019 - 6/2/2019 | |
| 6/3/2019 - 6/9/2019 | |
| 6/10/2019 - 6/16/2019 | |
| 6/17/2019 - 6/23/2019 | |
| 6/24/2019 - 6/30/2019 | |
| 7/1/2019 - 7/7/2019 | |
| 7/8/2019 - 7/14/2019 | |
| 7/15/2019 - 7/21/2019 | |
| 7/22/2019 - 7/28/2019 | |
| 7/29/2019 - 8/4/2019 | |
| 8/5/2019 - 8/11/2019 | |
| 8/12/2019 - 8/18/2019 | |
| 8/19/2019 - 8/25/2019 | |
| 8/26/2019 - 9/1/2019 | |
| 9/2/2019 - 9/8/2019 | |
| 9/9/2019 - 9/15/2019 | |
| 9/16/2019 - 9/22/2019 | |
| 9/23/2019 - 9/29/2019 | |
| 9/30/2019 - 10/6/2019 | |
| 10/7/2019 - 10/13/2019 | |
| 10/14/2019 - 10/20/2019 | |

| | |
|---|---|
| 10/21/2019 - 10/27/2019 | |
| 10/28/2019 - 11/3/2019 | |
| 11/4/2019 - 11/10/2019 | |
| 11/11/2019 - 11/17/2019 | |
| 11/18/2019 - 11/24/2019 | |

**INTERROGATORY NO. 16:**  Identify each shift where you contend you performed compensable work prior to clocking-in and were not fully compensated. For each shift, identify the date of the alleged pre-shift work, the reason for the pre-shift work, including any and all job duties or responsibilities that required you to perform pre-shift work, whether you reported the pre-shift work to anyone at TNT, to whom you reported the pre-shift work, and, if reported, whether you were compensated for the pre-shift work.

     **RESPONSE:**

**INTERROGATORY NO. 17:**  Identify each shift where you contend you performed compensable work after clocking-out and were not fully compensated. For each shift, identify the date of the alleged post-shift work, the reason for the post-shift work, including any and all job duties or responsibilities that required you to perform post-shift work, whether you reported the post-shift work to anyone at TNT, to whom you reported the post-shift work, and, if reported, whether you were compensated for the post-shift work.

     **RESPONSE:**

**INTERROGATORY NO. 18:**  Identify each shift where you contend you performed any other compensable off the clock and were not fully compensated. For each shift, identify the date of the alleged off-the-clock work, the reason for the off-the-clock work, including any and all job duties or responsibilities that required you to perform off-the-clock work, whether you reported the off-the-clock work to anyone at TNT, to whom you reported the off-the-clock work, and, if reported, whether you were compensated for the off-the-clock work.

     **RESPONSE:**

4827-3685-6237.1 098833.1001

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **TIMOTHY W. REPASS and** | § | |
| **WILLIAM SCOTT McCANDLESS,** | § | |
| **Individually and On Behalf of All** | § | |
| **Others Similarly Situated,** | § | **NO. 7:18-CV-107-DC** |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **TNT CRANE AND RIGGING, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

---

**DEFENDANT TNT CRANE AND RIGGING, INC.'S**
**FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF TIMOTHY W. REPASS**

---

Pursuant to Federal Rule of Civil Procedure 36, Defendant TNT Crane and Rigging, Inc. ("TNT") serves the following Requests for Admissions to Plaintiff Timothy W. Repass ("Repass").

Dated December 11, 2019          Respectfully submitted,

*/s/ G. Mark Jodon*
_____

G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Jonathan A. Sprague
Texas State Bar No. 24075113
jsprague@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT
TNT CRANE AND RIGGING, INC.

## CERTIFICATE OF SERVICE

This is to certify that on December 11, 2019, the foregoing document was served by email and certified mail, return receipt requested, to :

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com

Daniel A. Verrett
MORELAND VERRETT, P.C.
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com

*/s/ G. Mark Jodon*
_____

G. Mark Jodon

## TNT'S FIRST REQUESTS FOR ADMISSIONS TO REPASS

**REQUEST FOR ADMISSION NO. 1**: Repass most recently began his employment with TNT on or about November 27, 2017, and his employment with TNT ended on or about June 22, 2018.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 2**: Repass never performed work out of TNT's Houston yard.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Repass never performed work out of TNT's San Antonio yard.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Repass performed work out of TNT's Midland yard.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 5**: Repass has no personal knowledge whether operators and riggers working out of TNT's Houston yard were paid for travel from the TNT job site to the TNT yard or from the TNT yard to the TNT job site.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6**: Repass has no personal knowledge whether operators and riggers working out of TNT's San Antonio yard were paid for travel from the TNT job site to the TNT yard or from the TNT yard to the TNT job site.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7**: Repass has no personal knowledge whether operators and riggers working out of TNT's Houston yard were paid for pre-trip inspections of TNT's commercial motor vehicles such as haul trucks.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Repass has no personal knowledge whether operators and riggers working out of TNT's San Antonio yard were paid for pre-trip inspections of TNT's commercial motor vehicles such as haul trucks.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9**: Repass has no personal knowledge whether operators and riggers working out of TNT's Houston yard were paid for post-trip inspections of TNT's commercial motor vehicles such as sand haul trucks.

>    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Repass has no personal knowledge whether operators and riggers working out of TNT's San Antonio yard were paid for post-trip inspections of TNT's commercial motor vehicles such as sand haul trucks.

>    **RESPONSE**

**REQUEST FOR ADMISSION NO. 11:**  During Repass's employment with TNT, there were times when Repass was paid travel time for the time he spent driving from his home to the job site.

>    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** During Repass's employment with TNT, there were times when Repass was paid travel time for the time he spent driving from the job site to his home.

>    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 13**: During Repass's employment with TNT, there were times when Repass was paid for time that he spent loading fuel at the TNT yard.

>    **RESPONSE:**

**REQUST FOR ADMISSION NO. 14**: During Repass's employment with TNT, there were times when Repass was paid for time spent at the TNT yard gathering tools, materials, or supplies to take to the job site.

>    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 15**: During Repass's employment with TNT, there were times when Repass was paid for time spent at retail suppliers' outlets purchasing job supplies.

>    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** During Repass's employment with TNT, there were times when Repass was paid for performing pre-checks of heavy equipment he would be using.

>    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** TNT provided Repass with a TNT company truck for him to drive to and from the assigned job site.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18**: During Repass's employment with TNT, Repass never drove another TNT rigger from TNT's Midland yard to the rigger's job site before Repass drove to his assigned job site.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19**: During Repass's employment with TNT, there were times when Repass stayed overnight out of town at a hotel or man camp paid for by TNT where he was spending the night.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** During Repass's employment with TNT, there were times when TNT paid Repass for his drive time from his hotel or man camp to the job site.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21**: During Repass's employment with TNT, there were times when TNT paid Repass for his drive time from the job site to the hotel or man camp where he was spending the night.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22**: During Repass's employment with TNT, there were times when Repass drove directly from his home to the job site without going to the TNT yard.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23**: TNT did not have a yard in Pecos, Texas during the time Repass was employed by TNT.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24**: TNT did not have a yard in New Mexico during the time Repass was employed by TNT.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** TNT had a man camp in Odessa, Texas during the time Repass was employed by TNT.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** During Repass's employment with TNT, Repass received a copy of TNT's employee handbook.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 27**: During Repass's employment with TNT, Repass submitted his working time to TNT on Weekly Time Reports.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** On the Weekly Time Reports submitted by Repass, the Weekly Time Report expressly reminded employees to submit the time they spent on travel, fuel, pre-trip, and post-trip activities.

    **RESPONSE:**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § | NO. 7:18-CV-107-DC |
| | § | |
| vs. | § | |
| | § | |
| TNT CRANE AND RIGGING, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT TNT CRANE AND RIGGING, INC'S**
**<u>FIRST REQUESTS FOR PRODUCTION TO TIMOTHY REPASS</u>**

Defendant TNT Crane and Rigging Inc. ("Defendant" or "TNT") serves these First Requests for Production to Plaintiff Timothy Repass ("Repass") under Federal Rule of Civil Procedure 34. Within 30 days of service or at such other time as ordered by the Court or agreed on by the parties, Repass is instructed to respond to each of TNT's requests separately, in writing, and to produce the documents and materials identified in each request at the offices of Littler Mendelson, P.C., 1301 McKinney Street, Suite 1900, Houston, Texas 77010.

Dated: December 11, 2019            Respectfully submitted,

*/s/ G. Mark Jodon*
G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Jonathan A. Sprague
Texas State Bar No. 24075113
jsprague@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT TNT
CRANE AND RIGGING, INC.

### CERTIFICATE OF SERVICE

This is to certify that on December 11, 2019, the foregoing document was served by email and certified mail, return receipt requested, to:

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com

Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com

*/s/ G. Mark Jodon*
G. Mark Jodon

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      The terms "communication," "document," "identify," "person," and "concerning"

have the definitions set forth in Local Rule CV-26.b.

2.      "You" or "your" or "Repass" refers to Plaintiff Timothy Repass and any or all

persons acting or purporting to act on his behalf.

3.      "Defendant" or "TNT" refers to Defendant TNT Crane and Rigging, Inc. and its

employees, agents, and representatives.

4.      "Including" means "including, but not limited to."

5.      "Each" includes the word "every," and "every" includes the word "each."  "Any"

includes the word "all," and "all" includes the word "any."  "And" includes the word "or," and

"or" includes the word "and."

6.      The terms "relate to," "related to," "relating to," "regarding," and "concerning"

mean "refer to," "constitute," "contain," "mention," "discuss," "describe," or "comment upon."

7.      "Fact" includes all acts, transactions, facts, occurrences, practices, policies, and

courses of conduct as a source or basis upon which knowledge of such fact is based.

8.       "Statement" means: (a) a written statement signed or otherwise adopted or

approved by the person making it, or (b) a stenographic, mechanical, electrical, or other type of

recording or a witness's oral statement, or a substantially verbatim transcription of such a

recording.

9.      "Complaint" means Plaintiff's First Amended Complaint filed in the United States

District Court for the Western District of Texas; Case 7:18-cv-192; *Timothy W. Repass and*

*William Scott McCandless v. TNT Crane and Rigging, Inc.*

10.     The singular and masculine form of any noun or pronoun embraces, and should be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

11.     In producing documents, indicate the paragraph and subparagraph of the particular request to which a produced document is responsive.

12.     In producing documents, furnish all documents known or available to you, regardless of whether such documents are possessed directly by you or your representatives or your current or former attorneys.

13.     File folders with tabs or labels identifying documents called for by any request must be produced intact with such documents.

14.     Selection of documents from the files and other sources and the numbering of such documents must be performed in such a manner as to ensure that the source of each document may be determined.

15.     Documents attached to each other are not to be separated.

16.     Whenever TNT refers to the terms "document" or "documents" in a document request, you are instructed to include and produce all electronic notes, documents, emails, zip drive and source file information, or any other information recorded or transcribed in electronic or magnetic form, in electronic or magnetic form.  Please also produce all information contained in electronic or magnetic form in a printed, hardcopy format.

17.     In the event that you object to the production of any document responsive to any request on any grounds, list all such documents, indicating:

        (a)     the name of each author, writer, sender, or initiator of such document, if any;

        (b)     the name of each recipient, addressee, or party for whom such document was intended, if any;

4

(c)     the date of such document, if any, or an estimate thereof and so indicated as an estimate if no date appears on said document;

(d)     such other description as may be necessary to sufficiently identify the document; and

(e)     the claimed grounds for limitations of discovery (e.g., "attorney-client privilege").

18.     Unless conclusively negated by the context of the request, the above definitions and instructions are applicable to all requests contained herein.

19.     You are hereby reminded of your ongoing obligation to timely supplement your responses to these requests and your production of responsive documents as necessary as this matter continues.

## TNT'S FIRST REQUEST FOR PRODUCTION TO REPASS

## REQUEST FOR PRODUCTION NO. 1:

All documents that show, or may assist you in demonstrating, the number of hours you worked for TNT during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 2:

All documents that show, or may assist you in demonstrating, any compensation earned by you for work you performed for TNT during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 3:

All documents that show, or may assist you in demonstrating, any alleged unpaid wages, overtime, or other compensation or monies you contend TNT owes you for work you performed during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 4:

All documents that show any communications between you and any supervisor or manager at TNT regarding hours worked by you; wages, overtime, or other compensation or monies earned by you; or wages, overtime, or other compensation or monies you contend is owed to you during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 5:

All documents that support or tend to support any claim of unpaid wages, overtime, or other compensation or monies that you seek to recover in this lawsuit as a result of the alleged actions of TNT.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 6:

All documents that constitute, reflect, refer to, or relate to any diaries, calendars, recordings, notes, memoranda, or other documents that were prepared, made, or created by or for you and pertain to or relate to your claims against TNT, including, without limitation, notes or other documents relating to telephone or electronic communications, meetings, or other communications relating to your claims against TNT. This request includes, but is not limited to, handwritten or typewritten notes, letters, emails, text messages, and instant messages and excludes attorney-client communications with your counsel in this lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 7:

All agreements between you and TNT.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 8:

Any complaints, grievances, or concerns you conveyed to TNT that pertain to or relate to your claims against TNT in this lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 9:

All documents and communications regarding or reflecting travel time or drive time of yours for which you contend you were not properly compensated by TNT during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications regarding or reflecting alleged uncompensated off-the-clock work, including any time spent performing preparatory or concluding work, for which you contend you were not properly compensated by TNT during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:**

All documents regarding or reflecting your job duties, responsibilities, or expectations while employed by TNT.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**

All documents that constitute, reflect, refer, or relate to any communications between you and TNT, including any current or former employees of TNT, relating to your claims against TNT.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**

All profiles, postings, and messages (including without limitation status updates, wall comments, photographs posted on your profile(s), causes joined, groups joined, activity streams, blog entries, notes, events, text messages, etc.), and any of your social networking site or applications during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies, relating to the allegations made in your Complaint.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**

All audio or video recordings of TNT or TNT's employees, former employees, agents, or representatives relating to your allegations in the Complaint.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications on which you relied or that you identified in responding to any interrogatories in this action.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications regarding or reflecting any duties that you allegedly performed for TNT's benefit before clocking in for your shift.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications regarding or reflecting any duties that you allegedly performed for TNT's benefit after clocking out from your shift.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications that relate to or reflect any policies, procedures, rules, instructions, directions, guidelines, or directives you claim were applicable to you during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies, including, but not limited to, all such materials with respect to timekeeping, travel time, drive time, overtime, wages, or compensation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:**

All communications between you and any other person relating to your claims against TNT in this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:**

All declarations, affidavits, or signed statements supporting or refuting the claims made in your Complaint.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 21:**

All emails or other communications received from or on behalf of any individuals employed by TNT as a crane operator who stated that they did not or do not want to join this lawsuit.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 22:**

Copies of every complaint, charge, or grievance filed with a state or federal agency or department relating to your employment with any entity other than TNT.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 23:**

Your resume from 2015 to present, including any revisions or amendments.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 24:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 3 of the Complaint that TNT "violated the FLSA and the NM Wage Act by failing to pay its crane operators in accordance with the guarantees and protections of the FLSA and the NM Wage Act."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 25:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 3 of the Complaint that TNT "has done so by knowingly permitting its crane operators to engage in compensable travel time and compensable preparatory and concluding work but nevertheless intentionally failing to pay those crane operators for all of that travel time or preparatory and concluding work."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 27 of the Complaint that "crane operators typically work no fewer than 64 hours, and often as much as 100 hours, per week."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 29 of the Complaint that "Defendant did not pay Named Plaintiffs at all for substantial amounts of Drive Time and Off the Clock Time."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 28:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 30 of the Complaint that "Named Plaintiffs and Class Members were required to obtain and load fuel, diesel exhaust fluid (DEF), lubricants, necessary paperwork, water, and other items onto their vehicles before driving to their jobsites" and "[o]btaining and loading these items was integral and indispensable to the performance of the crane operators' primary job duty for the Defendant—operating its cranes."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 29:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 32 of the Complaint that "Named Plaintiffs and Class Members often picked up riggers from Defendant's Midland yard and drove the riggers to one of Defendant's jobsites before continuing to drive to their own jobsites."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 30:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 35 of the Complaint that "Plaintiffs performed work that was integral and indispensable to their primary activities before arriving at the worksite; and, one or more times per week, they

continued performing work that was integral and indispensable to their principal activities upon their return to Defendant's yard from the jobsite."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 31:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 41 of the Complaint that "[o]n average, Named Plaintiffs spent roughly 40 hours per week driving to and from the worksite.  Defendant did not compensate Plaintiffs at all for any of this time."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 32:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 42 of the Complaint that TNT "had a policy and practice of failing and refusing to pay Named Plaintiffs and Class Members for anything other than the work performed at the customers' jobsites" and "[a]s a result, Defendant failed and refused to pay Named Plaintiffs and Class Members for their Drive Time."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 33:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 43 of the Complaint that "Defendant also failed and refused to [pay] Named Plaintiffs and Class Members for working time for work performed at the yard, both before and after their shifts and the jobsites."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 34:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 44 of the Complaint that "Defendant was aware that Plaintiffs were performing work outside of the hours for which Defendant paid them."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 44 of the Complaint that TNT "did not and does not compensate Named Plaintiffs or Class Members for any Drive Time to and from Defendant's shop or for their Off the Clock Time."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 36:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 45 of the Complaint that TNT "failed and refused to pay Named Plaintiffs and Class Members for all overtime hours that they worked."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 46 of the Complaint that TNT "did and does pay Named Plaintiffs and Class Members at a rate of one-and-one-half times their regular rates of pay for some overtime hours; but it routinely does not pay Named Plaintiff and Class Members for Drive Time or for their Off the Clock Time."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 47 of the Complaint that TNT "had notice that Plaintiffs expected to be paid for their Drive Time or Off the Clock Time" and "Plaintiffs communicated with their managers about the Drive Time and Off the Clock Time but were repeatedly told that Defendant would not pay for Drive Time or Off the Clock Time because the customer did not pay for Drive Time or Off the Clock Time."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 48 of the Complaint that TNT "failed to pay Plaintiffs at an appropriate overtime rate for all of their Drive Time and Off the Clock Time."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 40:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 50 of the Complaint that "Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 41:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 52 of the Complaint that "Named Plaintiffs and the FLSA Class Members performed the same or similar job duties as one another" and "Named Plaintiffs and the FLSA Class Members were subjected to the same pay provisions."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 42:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 52 of the Complaint that TNT "knowingly refused to pay Named Plaintiffs and the FLSA Class Members for their Drive Time or Off the Clock Time.  Thus, the FLSA Class Members are owed unpaid overtime for the same reasons as Named Plaintiffs, without regard to their individualized circumstances."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 43:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 53 of the Complaint that TNT maintained any policy or practice referenced in Paragraph 53 of the Complaint and that any such policy or practice "is applicable to the Named Plaintiffs and all FLSA Class Members."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 44:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 57 of the Complaint that "Named Plaintiffs and the NM Class Members performed the same or similar job duties as one another" and "Named Plaintiffs and the NM Class Members were subjected to the same pay provisions."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 45:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 57 of the Complaint that TNT "knowingly refused to pay Named Plaintiffs and the NM Class Members for their Drive Time and Off the Clock Time. Thus, the NM Class Members are owed unpaid overtime for the same reasons as Named Plaintiffs, without regard to their individualized circumstances."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 46:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 58 of the Complaint that TNT maintained any policy or practice referenced in Paragraph 53 of the Complaint and that any such policy or practice "is applicable to the Named Plaintiffs and all NM Class Members."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 47:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 59 of the Complaint that "throughout the relevant period, Defendant knew that Plaintiffs and NM Class Members were not being properly compensated for all of their hours worked."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 48:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 60 of the Complaint that TNT "maintained common work, time, and pay policies throughout its New Mexico locations. As a result, Named Plaintiff and NM Class Members are similarly situated regardless of their location and have been regularly deprived of pay for workweeks during which they worked more than 40 hours."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 49:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 61 of the Complaint that "Plaintiffs' NM Wage Act claims against Defendant satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 50:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 63 of the Complaint that "there are questions of law and fact common to the class that predominate over any questions affecting individual members."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 51:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 65 of the Complaint that "Named Plaintiffs are an adequate representative of the class."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 52:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 67 of the Complaint that TNT "has acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law."

RESPONSE:


**REQUEST FOR PRODUCTION NO. 53:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 68 of the Complaint that TNT's "violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 54:**

All documents that tend to prove, disprove, discuss, or relate to your allegation in the Prayer for Relief of the Complaint that you are entitled to any of the relief sought therein.

RESPONSE:

4837-8615-2621.1 098833.1001