# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | NO. 7:18-CV-107-DC |
| vs. | § § | |
| TNT CRANE AND RIGGING, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT TNT CRANE AND RIGGING, INC.'S
<u>FIRST SET OF INTERROGATORIES TO PLAINTIFF CHARLES BAETE</u>**

      Defendant TNT Crane and Rigging, Inc. ("Defendant" or "TNT") serves this First Set of Interrogatories to Plaintiff Charles Baete ("Baete") under Federal Rule of Civil Procedure 33. These Interrogatories must be answered separately and fully in writing, under oath, within 30 days of service or at such other time as ordered by the Court or agreed on by the parties.

1

Dated:  January 9, 2020        Respectfully submitted,

*/s/ G. Mark Jodon*
G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Jonathan A. Sprague
Texas State Bar No. 24075113
jsprague@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT TNT
CRANE AND RIGGING, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 9, 2020, the foregoing document was served by email and certified mail, return receipt requested, to:

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com

Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com

*/s/ G. Mark Jodon*
G. Mark Jodon

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      The terms "communication," "document," "identify," "person," and "concerning" have the definitions set forth in Local Rule CV-26.b.

2.      "You" or "your" or "Baete" refers to Plaintiff Charles Baete and any or all persons acting or purporting to act on his behalf.

3.      "Defendant" or "TNT" refers to Defendant TNT Crane and Rigging, Inc. and its employees, agents, and representatives.

4.      "Each" includes the word "every," and "every" includes the word "each."  "Any" includes the word "all," and "all" includes the word "any."  "And" includes the word "or," and "or" includes the word "and."

5.      "Including" means "including, but not limited to."

6.      The terms "relate to," "related to," "relating to," "regarding," and "concerning" mean "refer to," "constitute," "contain," "mention," "discuss," "describe," or "comment upon."

7.      "Fact" includes all acts, transactions, facts, occurrences, practices, policies, and courses of conduct as a source or basis upon which knowledge of such fact is based.

8.       "Statement" means: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording or a witness's oral statement, or a substantially verbatim transcription of such a recording.

9.      The singular and masculine form of any noun or pronoun embraces, and should be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

10.     "Complaint" means Plaintiffs' First Amended Complaint filed in the United States District Court for the Western District of Texas; Case 7:18-cv-192; *Timothy W. Repass and William Scott McCandless v. TNT Crane and Rigging, Inc*.

11.     Unless conclusively negated by the context of the interrogatory, the above definitions and instructions are applicable to all interrogatories contained herein.

**DEFENDANT TNT CRANE AND RIGGING, INC.'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF CHARLES BAETE**

**INTERROGATORY NO. 1:**  Identify each person known or believed by you to have personal knowledge of any of the facts at issue or involved in this lawsuit or any of the events underlying the allegations in the Complaint.

    **RESPONSE:**

**INTERROGATORY NO. 2:**  Identify, by stating their names, job titles, address, phone number, and email address, all current or former employees of TNT with whom you have communicated regarding any of the allegations in your Complaint, including the date and substance of each communication and all documents and electronically stored information (ESI) which relate to each communication.

    **RESPONSE:**

**INTERROGATORY NO. 3:**  Identify each work week during your employment with TNT for which you claim you are owed unpaid overtime wages or any other wages, compensation, or monies.  For each work week identified:

    a.    the date the workweek began;

    b.    the total number of hours that you worked that week;

    c.    the total amount of overtime wages (or other wages, compensation or monies) that you claim to be owed for that week; and

    d.    the reason you claim you were not properly paid.

    **RESPONSE:**

**INTERROGATORY NO. 4:**  To the extent not encompassed by Interrogatory No. 3, please state separately the amount in dollars of each type of alleged damages or loss for which you are seeking recovery in this lawsuit, and (a) explain the factual basis for each such type of damage or loss, and (b) explain how you calculated or determined each such type of damage or loss.

    **RESPONSE**:

**INTERROGATORY NO. 5:**  Identify and provide the date of each formal and informal complaint, claim, charge, grievance, or allegation that you have made against any employer,

supervisor, or co-worker during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

**RESPONSE:**

**INTERROGATORY NO. 6:**   Identify each person from whom written and signed (or otherwise adopted or approved), recorded or transcribed statements or reports have been obtained with respect to any of the matters relating to the allegations in your Complaint and for each person identified, identify all documents or ESI that evidence such statements or reports.

**RESPONSE:**

**INTERROGATORY NO. 7:**   Have you ever been arrested, entered a plea of guilty or *nolo contendere*, received a deferred adjudication or probation, or been convicted of a crime?  If so, state the following:

a.   the style, case number, and court (e.g., *State v. Smith*, Cause No. 01-01, Harris County District Court);

b.   the legal counsel involved;

c.   the original offense(s) charged;

d.   the offense of which you were convicted, entered a plea of guilty or *nolo contendere*, or received a deferred adjudication or probation before judgment; and

e.   the final disposition.

**RESPONSE:**

**INTERROGATORY NO. 8:**   Excluding the present lawsuit, please list all charges, claims, lawsuits, or legal proceedings of any type, in which you have been involved as a party or witness in the past 10 years and with respect to each, state the following:

a.   the full style of the case, including case number and court, or agency and administrative proceeding number, and the identities of all parties;

b.   the current status of each matter; and

c.   the allegations generally being made in the suit or administrative proceeding.

**RESPONSE**:

**INTERROGATORY NO. 9:**   Identify the date and substance of each and every posting you have made to Facebook, MySpace, LinkedIn, Instagram, Twitter, Snapchat, or any blog, message board, or other internet site that in any way concerns or relates to any of the allegations in this lawsuit, including, but not limited to, your employment with TNT or the existence of the present lawsuit, including in your answer the URL of the site to which the posting was made.

**RESPONSE:**

**INTERROGATORY NO. 10**:   Identify every email account and user name that you have used from the time your employment with TNT started to present.

**RESPONSE:**

**INTERROGATORY NO. 11**:  Describe or identify each and every policy, directive, and procedure issued, provided, or communicated to you by TNT relating to travel time.

**RESPONSE:**

**INTERROGATORY NO. 12**:   Identify each current or former employee, supervisor, agent, or representative of TNT who you believe has information or knowledge concerning any travel time, preparatory work, or concluding work you contend you performed for TNT without being paid during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.  For each person identified, provide their position with TNT.

**RESPONSE:**

**INTERROGATORY NO. 13:**  Using the chart below, state the number of hours that you claim you did not receive full payment while allegedly traveling to or from your job site in each of the weeks listed in the chart.  For purposes of this chart, any hours allegedly worked in a workweek *without* full pay should be captured in the second column.

**RESPONSE:**

| Workweek (Monday Through Sunday) | Number of Travel Time Hours You Claim You Worked Without Receiving Full Pay |
| --- | --- |
| 6/13/2017 - 6/18/2017 | |
| 6/19/2017 - 6/25/2017 | |
| 6/26/2017 - 7/2/2017 | |
| 7/3/2017 - 7/9/2017 | |
| 7/10/2017 - 7/16/2017 | |
| 7/17/2017 - 7/23/2017 | |

| | |
|---|---|
| 7/24/2017 - 7/30/2017 | |
| 7/31/2017 - 8/6/2017 | |
| 8/7/2017 - 8/13/2017 | |
| 8/14/2017 - 8/20/2017 | |
| 8/21/2017 - 8/27/2017 | |
| 8/28/2017 - 9/3/2017 | |
| 9/4/2017 - 9/10/2017 | |
| 9/11/2017 - 9/17/2017 | |
| 9/18/2017 - 9/24/2017 | |
| 9/25/2017 - 10/8/2017 | |
| 10/9/2017 - 10/15/2017 | |
| 10/16/2017 - 10/22/2017 | |
| 10/23/2017 - 10/29/2017 | |
| 10/30/2017 - 11/5/2017 | |
| 11/6/2017 – 11/12/2017 | |
| 11/13/2017 - 11/19/2017 | |
| 11/20/2017 - 11/26/2017 | |
| 11/27/2017 - 12/3/2017 | |
| 12/4/2017 - 12/10/2017 | |
| 12/11/2017 - 12/17/2017 | |
| 11/18/2017 - 12/24/2017 | |
| 12/25/2017 - 12/31/2017 | |
| 1/1/2018 - 1/7/2018 | |
| 1/8/2018 - 1/14/2018 | |

**INTERROGATORY NO. 14:**  Using the chart below, state the number of hours that you claim you did not receive full payment while allegedly performing preparatory or concluding work in each of the weeks listed in the chart.  For purposes of this chart, any hours allegedly worked in a workweek *without* full pay should be captured in the second column.

**RESPONSE**:

| Workweek (Monday Through Sunday) | Number of Preparatory and Concluding Work Hours You Claim You Worked Without Receiving Full Pay |
|---|---|
| 6/12/17 – 6/18/2017 | |
| 6/19/2017 - 6/21/2017 | |
| 6/22/2017 - 6/28/2017 | |
| 6/29/2017 - 7/5/2017 | |
| 7/6/2017 - 7/12/2017 | |
| 7/13/2017 - 7/19/2017 | |
| 7/20/2017 - 7/26/2017 | |
| 7/27/2017 - 8/2/2017 | |

| | |
|---|---|
| 8/3/2017 - 8/9/2017 | |
| 8/10/2017 - 8/16/2017 | |
| 8/17/2017 - 8/23/2017 | |
| 8/24/2017 - 8/30/2017 | |
| 8/31/2017 - 9/6/2017 | |
| 9/7/2017 - 9/13/2017 | |
| 9/14/2017 - 9/20/2017 | |
| 9/21/2017 - 9/27/2017 | |
| 9/28/2017 - 10/4/2017 | |
| 10/5/2017 - 10/11/2017 | |
| 10/12/2017 - 10/18/2017 | |
| 10/19/2017 - 10/25/2017 | |
| 10/26/2017 - 11/1/2017 | |
| 11/2/2017 - 11/8/2017 | |
| 11/9/2017 - 11/15/2017 | |
| 11/16/2017 - 11/22/2017 | |
| 11/23/2017 - 11/29/2017 | |
| 11/30/2017 - 12/6/2017 | |
| 12/7/2017 - 12/13/2017 | |
| 12/14/2017 - 12/20/2017 | |
| 12/21/2017 - 12/27/2017 | |
| 12/28/2017 - 1/3/2018 | |
| 1/4/2018 - 1/10/2018 | |
| 1/11/2018 - 1/17/2018 | |

**INTERROGATORY NO. 15:**  Using the chart below, state the number of hours that you claim you did not receive full payment while allegedly performing any other off-the-clock work in each of the weeks listed in the chart that you did not account for in the charts included in Interrogatories 13 and 14.  For purposes of this chart, any hours allegedly worked in a workweek *without* full pay should be captured in the second column.

**RESPONSE:**

| Workweek (Monday Through Sunday) | Number of Hours You Claim You Worked Without Receiving Full Pay |
|---|---|
| 6/12/17 – 6/18/2017 | |
| 6/19/2017 - 6/21/2017 | |
| 6/22/2017 - 6/28/2017 | |
| 6/29/2017 - 7/5/2017 | |
| 7/6/2017 - 7/12/2017 | |
| 7/13/2017 - 7/19/2017 | |
| 7/20/2017 - 7/26/2017 | |

| | |
|---|---|
| 7/27/2017 - 8/2/2017 | |
| 8/3/2017 - 8/9/2017 | |
| 8/10/2017 - 8/16/2017 | |
| 8/17/2017 - 8/23/2017 | |
| 8/24/2017 - 8/30/2017 | |
| 8/31/2017 - 9/6/2017 | |
| 9/7/2017 - 9/13/2017 | |
| 9/14/2017 - 9/20/2017 | |
| 9/21/2017 - 9/27/2017 | |
| 9/28/2017 - 10/4/2017 | |
| 10/5/2017 - 10/11/2017 | |
| 10/12/2017 - 10/18/2017 | |
| 10/19/2017 - 10/25/2017 | |
| 10/26/2017 - 11/1/2017 | |
| 11/2/2017 - 11/8/2017 | |
| 11/9/2017 - 11/15/2017 | |
| 11/16/2017 - 11/22/2017 | |
| 11/23/2017 - 11/29/2017 | |
| 11/30/2017 - 12/6/2017 | |
| 12/7/2017 - 12/13/2017 | |
| 12/14/2017 - 12/20/2017 | |
| 12/21/2017 - 12/27/2017 | |
| 12/28/2017 - 1/3/2018 | |
| 1/4/2018 - 1/10/2018 | |
| 1/11/2018 - 1/17/2018 | |

**INTERROGATORY NO. 16:**  Identify each shift where you contend you performed compensable work prior to clocking-in and were not fully compensated. For each shift, identify the date of the alleged pre-shift work, the reason for the pre-shift work, including any and all job duties or responsibilities that required you to perform pre-shift work, whether you reported the pre-shift work to anyone at TNT, to whom you reported the pre-shift work, and, if reported, whether you were compensated for the pre-shift work.

     **RESPONSE:**

**INTERROGATORY NO. 17:**  Identify each shift where you contend you performed compensable work after clocking-out and were not fully compensated. For each shift, identify the date of the alleged post-shift work, the reason for the post-shift work, including any and all job duties or responsibilities that required you to perform post-shift work, whether you reported the post-shift work to anyone at TNT, to whom you reported the post-shift work, and, if reported, whether you were compensated for the post-shift work.

     **RESPONSE:**

**INTERROGATORY NO. 18:**  Identify each shift where you contend you performed any other compensable off the clock and were not fully compensated. For each shift, identify the date of the alleged off-the-clock work, the reason for the off-the-clock work, including any and all job duties or responsibilities that required you to perform off-the-clock work, whether you reported the off-the-clock work to anyone at TNT, to whom you reported the off-the-clock work, and, if reported, whether you were compensated for the off-the-clock work.

     **RESPONSE:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | NO. 7:  18-CV-107-DC |
| vs. | § § | |
| TNT CRANE AND RIGGING, INC., | § § | |
| Defendant. | § | |

**DEFENDANT TNT CRANE AND RIGGING, INC.'S
<u>FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF CHARLES BAETE</u>**

Pursuant to Federal Rule of Civil Procedure 36, Defendant TNT Crane and Rigging, Inc.

("TNT") serves the following Requests for Admissions to Plaintiff Charles Baete ("Baete").

Dated January 10, 2020                Respectfully submitted,


                                      */s/ G. Mark Jodon*
                                      G. Mark Jodon
                                      Texas State Bar No. 10669400
                                      mjodon@littler.com
                                      Jonathan A. Sprague
                                      Texas State Bar No. 24075113
                                      jsprague@littler.com

                                      LITTLER MENDELSON, P.C.
                                      1301 McKinney Street, Suite 1900
                                      Houston, Texas  77010
                                      713.951.9400
                                      713.951.9212 (Fax)

                                      ATTORNEYS FOR DEFENDANT
                                      TNT CRANE AND RIGGING, INC.


## CERTIFICATE OF SERVICE

This is to certify that on January 10, 2020, the foregoing document was served by email and certified mail, return receipt requested, to :

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com


Daniel A. Verrett
MORELAND VERRETT, P.C.
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com


                                      */s/ G. Mark Jodon*
                                      G. Mark Jodon

2

**DEFENDANT TNT CRANE AND RIGGING, INC.'S**
**FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF CHARLES BAETE**

**REQUEST FOR ADMISSION NO. 1**:   Baete was employed with TNT from on or about June 13, 2017 to January 3, 2018.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 2**:   Baete never performed work out of TNT's Houston yard.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 3**:   Baete performed work out of TNT's San Antonio yard.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 4**:   Baete never performed work out of TNT's Midland yard.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 5**:   Baete has no personal knowledge whether operators and riggers working out of TNT's Houston yard were paid for travel from the TNT job site to the TNT yard or from the TNT yard to the TNT job site.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6**:   Baete has no personal knowledge whether operators and riggers working out of TNT's Midland yard were paid for travel from the TNT job site to the TNT yard or from the TNT yard to the TNT job site.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7**:   Baete has no personal knowledge whether operators and riggers working out of TNT's Houston yard were paid for pre-trip inspections of TNT's commercial motor vehicles such as haul trucks.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**   Baete has no personal knowledge whether operators and riggers working out of TNT's Midland yard were paid for pre-trip inspections of TNT's commercial motor vehicles such as haul trucks.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9**:   Baete has no personal knowledge whether operators and riggers working out of TNT's Houston yard were paid for post-trip inspections of TNT's commercial motor vehicles such as sand haul trucks.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**   Baete has no personal knowledge whether operators and riggers working out of TNT's San Antonio yard were paid for post-trip inspections of TNT's commercial motor vehicles such as sand haul trucks.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**   During Baete's employment with TNT, there were times when Baete was paid travel time for the time he spent driving from his home to the job site.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**   During Baete's employment with TNT, there were times when Baete was paid travel time for the time he spent driving from the job site to his home.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 13**:   During Baete's employment with TNT, there were times when Baete was paid for time that he spent loading fuel at the TNT yard.

    **RESPONSE:**

**REQUST FOR ADMISSION NO. 14**:  During Baete's employment with TNT, there were times when Baete was paid for time spent at the TNT yard gathering tools, materials, or supplies to take to the job site.

    **RESPONSE:**

4842-5025-6814.2 098833.1001

**REQUEST FOR ADMISSION NO. 15**:   During Baete's employment with TNT, there were times when Baete was paid for time spent at retail suppliers' outlets purchasing job supplies.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16**:   During Baete's employment with TNT, there were times when Baete was paid for performing pre-checks of heavy equipment he would be using.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17**:   TNT provided Baete with a TNT company truck for him to drive to and from the assigned job site.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 18**:   During Baete's employment with TNT, Baete never drove another TNT rigger from TNT's San Antonio yard to the rigger's job site before Baete drove to his assigned job site.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 19**:   During Baete's employment with TNT, there were times when Baete stayed overnight out of town at a hotel or man camp paid for by TNT where he was spending the night.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 20**:   During Baete's employment with TNT, there were times when TNT paid Baete for his drive time from his hotel or man camp to the job site.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 21**:   During Baete's employment with TNT, there were times when TNT paid Baete for his drive time from the job site to the hotel or man camp where he was spending the night.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 22**:   During Baete's employment with TNT, there were times when Baete drove directly from his home to the job site without going to the TNT yard.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 23:**   During Baete's employment with TNT, Baete received a copy of TNT's employee handbook.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24**:    During Baete's employment with TNT, Baete submitted his working time to TNT on Weekly Time Reports.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 25:**   On the Weekly Time Reports expressly reminded employees to submit the time they spent on travel, fuel, pre-trip, and post-trip activities.

**RESPONSE:**

4842-5025-6814.2 098833.1001

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM | § | |
| SCOTT McCANDLESS, Individually and | § | |
| On Behalf of All Others Similarly Situated, | § | |
| | § | |
| Plaintiffs, | § | NO. 7:18-CV-107-DC |
| | § | |
| vs. | § | |
| | § | |
| TNT CRANE AND RIGGING, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT TNT CRANE AND RIGGING, INC.'S
FIRST REQUESTS FOR PRODUCTION TO CHARLES BAETE**

Defendant TNT Crane and Rigging, Inc. ("Defendant" or "TNT") serves these First Requests for Production to Plaintiff Charles Baete ("Baete") under Federal Rule of Civil Procedure 34. Within 30 days of service or at such other time as ordered by the Court or agreed on by the parties, Baete is instructed to respond to each of TNT's requests separately, in writing, and to produce the documents and materials identified in each request at the offices of Littler Mendelson, P.C., 1301 McKinney Street, Suite 1900, Houston, Texas 77010.

Dated:  January 9, 2020                    Respectfully submitted,

                                           */s/ G. Mark Jodon*
                                           G. Mark Jodon
                                           Texas State Bar No. 10669400
                                           mjodon@littler.com
                                           Jonathan A. Sprague
                                           Texas State Bar No. 24075113
                                           jsprague@littler.com

                                           LITTLER MENDELSON, P.C.
                                           1301 McKinney Street, Suite 1900
                                           Houston, Texas  77010
                                           713.951.9400
                                           713.951.9212 (Fax)

                                           ATTORNEYS FOR DEFENDANT TNT
                                           CRANE AND RIGGING, INC.


## CERTIFICATE OF SERVICE

This is to certify that on January 9, 2020, the foregoing document was served by email and certified mail, return receipt requested, to:

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com


Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com


                                           */s/ G. Mark Jodon*
                                           G. Mark Jodon

2

## DEFINITIONS AND INSTRUCTIONS

1.     The terms "communication," "document," "identify," "person," and "concerning" have the definitions set forth in Local Rule CV-26.b.

2.     "You" or "your" or "Baete" refers to Plaintiff Charles Baete and any or all persons acting or purporting to act on his behalf.

3.     "Defendant" or "TNT" refers to Defendant TNT Crane and Rigging, Inc. and its employees, agents, and representatives.

4.     "Including" means "including, but not limited to."

5.     "Each" includes the word "every," and "every" includes the word "each."  "Any" includes the word "all," and "all" includes the word "any."  "And" includes the word "or," and "or" includes the word "and."

6.     The terms "relate to," "related to," "relating to," "regarding," and "concerning" mean "refer to," "constitute," "contain," "mention," "discuss," "describe," or "comment upon."

7.     "Fact" includes all acts, transactions, facts, occurrences, practices, policies, and courses of conduct as a source or basis upon which knowledge of such fact is based.

8.     "Statement" means: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording or a witness's oral statement, or a substantially verbatim transcription of such a recording.

9.     "Complaint" means Plaintiffs' First Amended Complaint filed in the United States District Court for the Western District of Texas; Case 7:18-cv-192; *Timothy W. Repass and William Scott McCandless v. TNT Crane and Rigging, Inc.*

10.     The singular and masculine form of any noun or pronoun embraces, and should be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

11.     In producing documents, indicate the paragraph and subparagraph of the particular request to which a produced document is responsive.

12.     In producing documents, furnish all documents known or available to you, regardless of whether such documents are possessed directly by you or your representatives or your current or former attorneys.

13.     File folders with tabs or labels identifying documents called for by any request must be produced intact with such documents.

14.     Selection of documents from the files and other sources and the numbering of such documents must be performed in such a manner as to ensure that the source of each document may be determined.

15.     Documents attached to each other are not to be separated.

16.     Whenever TNT refers to the terms "document" or "documents" in a document request, you are instructed to include and produce all electronic notes, documents, emails, zip drive and source file information, or any other information recorded or transcribed in electronic or magnetic form, in electronic or magnetic form.  Please also produce all information contained in electronic or magnetic form in a printed, hardcopy format.

17.     In the event that you object to the production of any document responsive to any request on any grounds, list all such documents, indicating:

(a)     the name of each author, writer, sender, or initiator of such document, if any;

(b)     the name of each recipient, addressee, or party for whom such document was intended, if any;

      (c)      the date of such document, if any, or an estimate thereof and so indicated as an estimate if no date appears on said document;

      (d)      such other description as may be necessary to sufficiently identify the document; and

      (e)      the claimed grounds for limitations of discovery (e.g., "attorney-client privilege").

18.     Unless conclusively negated by the context of the request, the above definitions and instructions are applicable to all requests contained herein.

19.     You are hereby reminded of your ongoing obligation to timely supplement your responses to these requests and your production of responsive documents as necessary as this matter continues.

5

## DEFENDANT TNT CRANE AND RIGGING, INC.'S
## FIRST REQUESTS FOR PRODUCTION TO CHARLES BAETE

**REQUEST FOR PRODUCTION NO. 1:** All documents that show, or may assist you in demonstrating, the number of hours you worked for TNT during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents that show, or may assist you in demonstrating, any compensation earned by you for work you performed for TNT during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents that show, or may assist you in demonstrating, any alleged unpaid wages, overtime, or other compensation or monies you contend TNT owes you for work you performed during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All documents that show any communications between you and any supervisor or manager at TNT regarding hours worked by you; wages, overtime, or other compensation or monies earned by you; or wages, overtime, or other compensation or monies you contend is owed to you during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents that support or tend to support any claim of unpaid wages, overtime, or other compensation or monies that you seek to recover in this lawsuit as a result of the alleged actions of TNT.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All documents that constitute, reflect, refer to, or relate to any diaries, calendars, recordings, notes, memoranda, or other documents that were prepared, made, or created by or for you and pertain to or relate to your claims against TNT, including, without limitation, notes or other documents relating to telephone or electronic communications, meetings, or other communications relating to your claims against TNT. This request includes, but is not limited to, handwritten or typewritten notes, letters, emails, text messages, and instant messages and excludes attorney-client communications with your counsel in this lawsuit.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**  All agreements between you and TNT.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 8:</u>** Any complaints, grievances, or concerns you conveyed to TNT that pertain to or relate to your claims against TNT in this lawsuit.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 9:</u>** All documents and communications regarding or reflecting travel time or drive time of yours for which you contend you were not properly compensated by TNT during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 10:</u>** All documents and communications regarding or reflecting alleged uncompensated off-the-clock work, including any time spent performing preparatory or concluding work, for which you contend you were not properly compensated by TNT during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 11:</u>** All documents regarding or reflecting your job duties, responsibilities, or expectations while employed by TNT.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**  All documents that constitute, reflect, refer, or relate to any communications between you and TNT, including any current or former employees of TNT, relating to your claims against TNT.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 13:</u>** All profiles, postings, and messages (including without limitation status updates, wall comments, photographs posted on your profile(s), causes joined, groups joined, activity streams, blog entries, notes, events, text messages, etc.), and any of your social networking site or applications during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies, relating to the allegations made in your Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All audio or video recordings of TNT or TNT's employees, former employees, agents, or representatives relating to your allegations in the Complaint.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications on which you relied or that you identified in responding to any interrogatories in this action.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications regarding or reflecting any duties that you allegedly performed for TNT's benefit before clocking in for your shift.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications regarding or reflecting any duties that you allegedly performed for TNT's benefit after clocking out from your shift.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications that relate to or reflect any policies, procedures, rules, instructions, directions, guidelines, or directives you claim were applicable to you during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies, including, but not limited to, all such materials with respect to timekeeping, travel time, drive time, overtime, wages, or compensation.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All communications between you and any other person relating to your claims against TNT in this lawsuit.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All declarations, affidavits, or signed statements supporting or refuting the claims made in your Complaint.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All emails or other communications received from or on behalf of any individuals employed by TNT as a crane operator who stated that they did not or do not want to join this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Copies of every complaint, charge, or grievance filed with a state or federal agency or department relating to your employment with any entity other than TNT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Your resume from 2015 to present, including any revisions or amendments.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 3 of the Complaint that TNT "violated the FLSA and the NM Wage Act by failing to pay its crane operators in accordance with the guarantees and protections of the FLSA and the NM Wage Act."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 3 of the Complaint that TNT "has done so by knowingly permitting its crane operators to engage in compensable travel time and compensable preparatory and concluding work but nevertheless intentionally failing to pay those crane operators for all of that travel time or preparatory and concluding work."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 27 of the Complaint that "crane operators typically work no fewer than 64 hours, and often as much as 100 hours, per week."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 29 of the Complaint that "Defendant did not pay Named Plaintiffs at all for substantial amounts of Drive Time and Off the Clock Time."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 30 of the Complaint that "Named Plaintiffs and Class Members were required to obtain and load fuel, diesel exhaust fluid (DEF), lubricants, necessary paperwork, water, and other items onto their vehicles before driving to their jobsites" and "[o]btaining and loading these items was integral and indispensable to the performance of the crane operators' primary job duty for the Defendant—operating its cranes."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 32 of the Complaint that "Named Plaintiffs and Class Members often picked up riggers from Defendant's Midland yard and drove the riggers to one of Defendant's jobsites before continuing to drive to their own jobsites."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 35 of the Complaint that "Plaintiffs performed work that was integral and indispensable to their primary activities before arriving at the worksite; and, one or more times per week, they continued performing work that was integral and indispensable to their principal activities upon their return to Defendant's yard from the jobsite."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 41 of the Complaint that "[o]n average, Named Plaintiffs spent roughly 40 hours per week driving to and from the worksite.  Defendant did not compensate Plaintiffs at all for any of this time."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 42 of the Complaint that TNT "had a policy and practice of failing and refusing to pay Named Plaintiffs and Class Members for anything other than the work performed at the customers' jobsites" and "[a]s a result, Defendant failed and refused to pay Named Plaintiffs and Class Members for their Drive Time."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 43 of the Complaint that "Defendant also failed and refused to [pay] Named Plaintiffs and Class Members for working time for work performed at the yard, both before and after their shifts and the jobsites."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 44 of the Complaint that "Defendant was aware that Plaintiffs were performing work outside of the hours for which Defendant paid them."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 44 of the Complaint that TNT "did not and does not compensate Named Plaintiffs or Class Members for any Drive Time to and from Defendant's shop or for their Off the Clock Time."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 45 of the Complaint that TNT "failed and refused to pay Named Plaintiffs and Class Members for all overtime hours that they worked."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 46 of the Complaint that TNT "did and does pay Named Plaintiffs and Class Members at a rate of one-and-one-half times their regular rates of pay for some overtime hours; but it routinely does not pay Named Plaintiff and Class Members for Drive Time or for their Off the Clock Time."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 47 of the Complaint that TNT "had notice that Plaintiffs expected to be paid for their Drive Time or Off the Clock Time" and "Plaintiffs communicated with their managers about the Drive Time and Off the Clock Time but were repeatedly told that Defendant would not pay for Drive Time or Off the Clock Time because the customer did not pay for Drive Time or Off the Clock Time."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 48 of the Complaint that TNT "failed to pay Plaintiffs at an appropriate overtime rate for all of their Drive Time and Off the Clock Time."

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 50 of the Complaint that "Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation."

　　　**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 52 of the Complaint that "Named Plaintiffs and the FLSA Class Members performed the same or similar job duties as one another" and "Named Plaintiffs and the FLSA Class Members were subjected to the same pay provisions."

　　　**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 52 of the Complaint that TNT "knowingly refused to pay Named Plaintiffs and the FLSA Class Members for their Drive Time or Off the Clock Time.  Thus, the FLSA Class Members are owed unpaid overtime for the same reasons as Named Plaintiffs, without regard to their individualized circumstances."

　　　**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 53 of the Complaint that TNT maintained any policy or practice referenced in Paragraph 53 of the Complaint and that any such policy or practice "is applicable to the Named Plaintiffs and all FLSA Class Members."

　　　**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 57 of the Complaint that "Named Plaintiffs and the NM Class Members performed the same or similar job duties as one another" and "Named Plaintiffs and the NM Class Members were subjected to the same pay provisions."

　　　**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 57 of the Complaint that TNT "knowingly refused to pay Named Plaintiffs and the NM Class Members for their Drive Time and Off the Clock Time.  Thus, the NM Class Members are owed unpaid overtime for the same reasons as Named Plaintiffs, without regard to their individualized circumstances."

　　　**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 58 of the Complaint that TNT maintained any policy or practice referenced in Paragraph 53 of the Complaint and that any such policy or practice "is applicable to the Named Plaintiffs and all NM Class Members."

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 59 of the Complaint that "throughout the relevant period, Defendant knew that Plaintiffs and NM Class Members were not being properly compensated for all of their hours worked."

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 60 of the Complaint that TNT "maintained common work, time, and pay policies throughout its New Mexico locations. As a result, Named Plaintiff and NM Class Members are similarly situated regardless of their location and have been regularly deprived of pay for workweeks during which they worked more than 40 hours."

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 61 of the Complaint that "Plaintiffs' NM Wage Act claims against Defendant satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23."

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 63 of the Complaint that "there are questions of law and fact common to the class that predominate over any questions affecting individual members."

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 65 of the Complaint that "Named Plaintiffs are an adequate representative of the class."

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 67 of the Complaint that TNT "has acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law."

      **RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 53:</u>**  All documents that tend to prove, disprove, discuss, or relate to your allegation in Paragraph 68 of the Complaint that TNT's "violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct."

     **RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 54:</u>**  All documents that tend to prove, disprove, discuss, or relate to your allegation in the Prayer for Relief of the Complaint that you are entitled to any of the relief sought therein.

     **RESPONSE:**

4821-0143-0193.1 098833.1001
1/9/20

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | NO. 7:18- CV- 107- DC |
| vs. | § § | |
| TNT CRANE AND RIGGING, INC., | § § | |
| Defendant. | § | |

**DEFENDANT TNT CRANE AND RIGGING, INC.'S**
**SECOND SET OF INTERROGATORIES TO PLAINTIFF CHARLES BAETE**

Defendant TNT Crane and Rigging, Inc. ("Defendant" or "TNT") serves this Second Set of Interrogatories to Plaintiff Charles Baete ("Baete") under Federal Rule of Civil Procedure 33. These Interrogatories must be answered separately and fully in writing, under oath, within 30 days of service or at such other time as ordered by the Court or agreed on by the parties.

1

Dated:  February 7, 2020       Respectfully submitted,

*/s/ G. Mark Jodon*
_____

G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Jonathan A. Sprague
Texas State Bar No. 24075113
jsprague@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT TNT
CRANE AND RIGGING, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on February 7, 2020, the foregoing document was served by email and certified mail, return receipt requested, to:

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com

Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com

*/s/ G. Mark Jodon*
G. Mark Jodon

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      The terms "communication," "document," "identify," "person," and "concerning" have the definitions set forth in Local Rule CV- 26.b.

2.      "You" or "your" or "Baete" refers to Plaintiff Charles Baete and any or all persons acting or purporting to act on his behalf.

3.      "Defendant" or "TNT" refers to Defendant TNT Crane and Rigging, Inc. and its employees, agents, and representatives.

4.      "Each" includes the word "every," and "every" includes the word "each."  "Any" includes the word "all," and "all" includes the word "any."  "And" includes the word "or," and "or" includes the word "and."

5.      "Including" means "including, but not limited to."

6.      The terms "relate to," "related to," "relating to," "regarding," and "concerning" mean "refer to," "constitute," "contain," "mention," "discuss," "describe," or "comment upon."

7.      "Fact" includes all acts, transactions, facts, occurrences, practices, policies, and courses of conduct as a source or basis upon which knowledge of such fact is based.

8.      "Statement" means: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording or a witness' oral statement, or a substantially verbatim transcription of such a recording.

9.      The singular and masculine form of any noun or pronoun embraces, and should be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

10.     "Complaint" means Plaintiffs' First Amended Complaint filed in the United States District Court for the Western District of Texas; Case 7:18- cv -192; *Timothy W. Repass and William Scott McCandless v. TNT Crane and Rigging, Inc.*

11.     Unless conclusively negated by the context of the interrogatory, the above definitions and instructions are applicable to all interrogatories contained herein.

**DEFENDANT TNT CRANE AND RIGGING, INC.'S**
**SECOND SET OF INTERROGATORIES TO PLAINTIFF CHARLES BAETE**

**INTERROGATORY NO. 19:**  Describe with particularity the trial plan that would enable this lawsuit to be tried as a class action under Federal Rule of Civil Procedure 23.

> **RESPONSE:**

4849-8159-7875.1 098833.1001

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | NO. 7:18-CV-107-DC |
| vs. | § § | |
| TNT CRANE AND RIGGING, INC., | § § | |
| Defendant. | § § § | |

**DEFENDANT TNT CRANE AND RIGGING, INC.'S
<u>SECOND REQUESTS FOR PRODUCTION TO CHARLES BAETE</u>**

Defendant TNT Crane and Rigging, Inc. ("Defendant" or "TNT") serves these Second Requests for Production to Plaintiff Charles Baete ("Baete") under Federal Rule of Civil Procedure 34. Within 30 days of service or at such other time as ordered by the Court or agreed on by the parties, Baete is instructed to respond to each of TNT's requests separately, in writing, and to produce the documents and materials identified in each request at the offices of Littler Mendelson, P.C., 1301 McKinney Street, Suite 1900, Houston, Texas 77010.

Dated:  May 20, 2020                    Respectfully submitted,

<u>/s/ G. Mark Jodon</u>
G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Jonathan A. Sprague
Texas State Bar No. 24075113
jsprague@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400 (Phone)
713.583.5447 (Fax)

ATTORNEYS FOR DEFENDANT TNT
CRANE AND RIGGING, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on May 20, 2020, the foregoing document was served by email to:

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com

Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com

<u>/s/ Jonathan A. Sprague</u>
Jonathan A. Sprague

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.        The terms "communication," "document," "identify," "person," and "concerning" have the definitions set forth in Local Rule CV-26.b.

2.        "You" or "your" or "Baete" refers to Plaintiff Charles Baete and any or all persons acting or purporting to act on his behalf.

3.        "Defendant" or "TNT" refers to Defendant TNT Crane and Rigging, Inc. and its employees, agents, and representatives.

4.        "Including" means "including, but not limited to."

5.        "Each" includes the word "every," and "every" includes the word "each."  "Any" includes the word "all," and "all" includes the word "any."  "And" includes the word "or," and "or" includes the word "and."

6.        The terms "relate to," "related to," "relating to," "regarding," and "concerning" mean "refer to," "constitute," "contain," "mention," "discuss," "describe," or "comment upon."

7.        "Fact" includes all acts, transactions, facts, occurrences, practices, policies, and courses of conduct as a source or basis upon which knowledge of such fact is based.

8.        "Statement" means: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording or a witness's oral statement, or a substantially verbatim transcription of such a recording.

9.        "Complaint" means Plaintiffs' Second Amended Complaint filed in the United States District Court for the Western District of Texas; Case 7:18-cv-192; *Timothy W. Repass and William Scott McCandless v. TNT Crane and Rigging, Inc.*

3

10.     The singular and masculine form of any noun or pronoun embraces, and should be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

11.     In producing documents, indicate the paragraph and subparagraph of the particular request to which a produced document is responsive.

12.     In producing documents, furnish all documents known or available to you, regardless of whether such documents are possessed directly by you or your representatives or your current or former attorneys.

13.     File folders with tabs or labels identifying documents called for by any request must be produced intact with such documents.

14.     Selection of documents from the files and other sources and the numbering of such documents must be performed in such a manner as to ensure that the source of each document may be determined.

15.     Documents attached to each other are not to be separated.

16.     Whenever TNT refers to the terms "document" or "documents" in a document request, you are instructed to include and produce all electronic notes, documents, emails, zip drive and source file information, or any other information recorded or transcribed in electronic or magnetic form, in electronic or magnetic form.  Please also produce all information contained in electronic or magnetic form in a printed, hardcopy format.

17.     In the event that you object to the production of any document responsive to any request on any grounds, list all such documents, indicating:

(a)     the name of each author, writer, sender, or initiator of such document, if any;

(b)     the name of each recipient, addressee, or party for whom such document was intended, if any;

4

(c)     the date of such document, if any, or an estimate thereof and so indicated as an estimate if no date appears on said document;

(d)     such other description as may be necessary to sufficiently identify the document; and

(e)     the claimed grounds for limitations of discovery (e.g., "attorney-client privilege").

18.     Unless conclusively negated by the context of the request, the above definitions and instructions are applicable to all requests contained herein.

19.     You are hereby reminded of your ongoing obligation to timely supplement your responses to these requests and your production of responsive documents as necessary as this matter continues.

**DEFENDANT TNT CRANE AND RIGGING, INC.'S**
**<u>SECOND REQUESTS FOR PRODUCTION TO CHARLES BAETE</u>**

**<u>REQUEST FOR PRODUCTION NO. 55:</u>**  Your federal and state income tax filings and returns, including all schedules, supplements, and amendments thereto, during the time period for which you contend TNT owes you any unpaid wages, overtime, or other compensation or monies.

**RESPONSE:**


**<u>REQUEST FOR PRODUCTION NO. 56:</u>**  Two executed copies of the enclosed Request for Copy of Tax Return form.

**RESPONSE:**

4850-1257-4140.1 098833.1001
5/19/20

6

| Form **4506**<br>(March 2019)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Copy of Tax Return**<br>▶ Do not sign this form unless all applicable lines have been completed.<br>▶ Request may be rejected if the form is incomplete or illegible.<br>▶ For more information about Form 4506, visit *www.irs.gov/form4506*. | OMB No. 1545-0429 |
|---|---|---|

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

| **1a** Name shown on tax return. If a joint return, enter the name shown first.<br><br>Charles Baete | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Jonathan Sprague, Littler, 1301 McKinney St., Suite 1900, Houston, TX 77010

**Caution:** If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.

**6**   **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

    **Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . ☐

**7**   **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

| 12/31/2012 | 12/31/2013 | 12/31/2014 | 12/31/2015 |
|---|---|---|---|
| 12/31/2016 | 12/31/2017 | 12/31/2018 | 12/31/2019 |

**8**   **Fee.** There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**

| **a** Cost for each return . . . . . . . . . . . . . . . . . . | $ | 50.00 |
|---|---|---|
| **b** Number of returns requested on line 7 . . . . . . . . . . | | 8 |
| **c** Total cost. Multiply line 8a by line 8b . . . . . . . . . | $ | 400.00 |

**9**   If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☑

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐   **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

                                                       Phone number of taxpayer on line 1a or 2a

**Sign Here** ▶

    Signature (see instructions)                        Date

    Title (if line 1a above is a corporation, partnership, estate, or trust)

    Spouse's signature                               Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**           Cat. No. 41721E           Form **4506** (Rev. 3-2019)

Form 4506 (Rev. 3-2019)  Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506, Form 4506-T and Form 4506T-EZ will be posted on that page.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of nonfiling, and records of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |

### Chart for all other returns

| If you lived in or your business was in: | Mail to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | NO. 7:18- CV- 107- DC |
| vs. | § § | |
| TNT CRANE AND RIGGING, INC., | § § | |
| Defendant. | § | |

**DEFENDANT TNT CRANE AND RIGGING, INC.'S
THIRD SET OF INTERROGATORIES TO PLAINTIFF CHARLES BAETE**

Defendant TNT Crane and Rigging, Inc. ("Defendant" or "TNT") serves this Third Set of Interrogatories to Plaintiff Charles Baete ("Baete") under Federal Rule of Civil Procedure 33. These Interrogatories must be answered separately and fully in writing, under oath, within 30 days of service or at such other time as ordered by the Court or agreed on by the parties.

Dated:  May 20, 2020             Respectfully submitted,

                              */s/ G. Mark Jodon*
                              G. Mark Jodon
                              Texas State Bar No. 10669400
                              mjodon@littler.com
                              Jonathan A. Sprague
                              Texas State Bar No. 24075113
                              jsprague@littler.com

                              LITTLER MENDELSON, P.C.
                              1301 McKinney Street, Suite 1900
                              Houston, Texas  77010
                              713.951.9400 (Phone)
                              713.583.5447 (Fax)

                              ATTORNEYS FOR DEFENDANT TNT
                              CRANE AND RIGGING, INC.

## **CERTIFICATE OF SERVICE**

This is to certify that on May 20, 2020, the foregoing document was served by email to:

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com

Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com

                              */s/ Jonathan A. Sprague*
                              Jonathan A. Sprague

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1. The terms "communication," "document," "identify," "person," and "concerning" have the definitions set forth in Local Rule CV- 26.b.

2. "You" or "your" or "Baete" refers to Plaintiff Charles Baete and any or all persons acting or purporting to act on his behalf.

3. "Defendant" or "TNT" refers to Defendant TNT Crane and Rigging, Inc. and its employees, agents, and representatives.

4. "Each" includes the word "every," and "every" includes the word "each."  "Any" includes the word "all," and "all" includes the word "any."  "And" includes the word "or," and "or" includes the word "and."

5. "Including" means "including, but not limited to."

6. The terms "relate to," "related to," "relating to," "regarding," and "concerning" mean "refer to," "constitute," "contain," "mention," "discuss," "describe," or "comment upon."

7. "Fact" includes all acts, transactions, facts, occurrences, practices, policies, and courses of conduct as a source or basis upon which knowledge of such fact is based.

8. "Statement" means: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording or a witness' oral statement, or a substantially verbatim transcription of such a recording.

9. The singular and masculine form of any noun or pronoun embraces, and should be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

10.     "Complaint" means Plaintiffs' Second Amended Complaint filed in the United States District Court for the Western District of Texas; Case 7:18-cv-192; *Timothy W. Repass and William Scott McCandless v. TNT Crane and Rigging, Inc*.

11.     Unless conclusively negated by the context of the interrogatory, the above definitions and instructions are applicable to all interrogatories contained herein.

**DEFENDANT TNT CRANE AND RIGGING, INC.'S**
**THIRD SET OF INTERROGATORIES TO PLAINTIFF CHARLES BAETE**

**INTERROGATORY NO. 20:**  Did you ever work for TNT in New Mexico?  If so, please state the following: (a) all dates that you claim to have worked for TNT in New Mexico; and (b) for each date listed, the number of hours that you claim to have worked for TNT in New Mexico; and (c) the last date on which you worked in New Mexico for TNT.

**RESPONSE:**

4816-1137-7340.1 098833.1001

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § | NO. 7:18- CV- 107- DC |
| vs. | § § | |
| TNT CRANE AND RIGGING, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT TNT CRANE AND RIGGING, INC.'S
<u>FOURTH SET OF INTERROGATORIES TO PLAINTIFF CHARLES BAETE</u>**

Defendant TNT Crane and Rigging, Inc. ("Defendant" or "TNT") serves this Fourth Set of Interrogatories to Plaintiff Charles Baete ("Baete") under Federal Rule of Civil Procedure 33. These Interrogatories must be answered separately and fully in writing, under oath, within 30 days of service or at such other time as ordered by the Court or agreed on by the parties.

1

Dated:  July 30, 2020

Respectfully submitted,

*/s/ G. Mark Jodon*
G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Jonathan A. Sprague
Texas State Bar No. 24075113
jsprague@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400 (Phone)
713.583.5447 (Fax)

ATTORNEYS FOR DEFENDANT TNT
CRANE AND RIGGING, INC.

## CERTIFICATE OF SERVICE

This is to certify that on July 30, 2020, the foregoing document was served by email to:

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas  78676
Edmond@morelandlaw.com

Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas  78746
Daniel@morelandlaw.com

*/s/ Jonathan A. Sprague*
Jonathan A. Sprague

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.　　The terms "communication," "document," "identify," "person," and "concerning" have the definitions set forth in Local Rule CV- 26.b.

2.　　"You" or "your" or "Baete" refers to Plaintiff Charles Baete and any or all persons acting or purporting to act on his behalf.

3.　　"Defendant" or "TNT" refers to Defendant TNT Crane and Rigging, Inc. and its employees, agents, and representatives.

4.　　"Each" includes the word "every," and "every" includes the word "each."  "Any" includes the word "all," and "all" includes the word "any."  "And" includes the word "or," and "or" includes the word "and."

5.　　"Including" means "including, but not limited to."

6.　　The terms "relate to," "related to," "relating to," "regarding," and "concerning" mean "refer to," "constitute," "contain," "mention," "discuss," "describe," or "comment upon."

7.　　"Fact" includes all acts, transactions, facts, occurrences, practices, policies, and courses of conduct as a source or basis upon which knowledge of such fact is based.

8.　　"Statement" means: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording or a witness' oral statement, or a substantially verbatim transcription of such a recording.

9.　　The singular and masculine form of any noun or pronoun embraces, and should be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

3

10.     "Complaint" means Plaintiffs' Second Amended Complaint filed in the United States District Court for the Western District of Texas; Case 7:18-cv-192; *Timothy W. Repass and William Scott McCandless v. TNT Crane and Rigging, Inc*.

11.     Unless conclusively negated by the context of the interrogatory, the above definitions and instructions are applicable to all interrogatories contained herein.

**DEFENDANT TNT CRANE AND RIGGING, INC.'S**
**FOURTH SET OF INTERROGATORIES TO PLAINTIFF CHARLES BAETE**

**INTERROGATORY NO. 21:**  While employed by TNT, did you stay in or use a travel trailer, recreational vehicle, or other portable structure or dwelling or vehicle for living quarters or lodging or sleeping accommodations when you were assigned to any jobs for TNT?  If so, please state the following:

      (a)      the starting and ending dates of your work on any such jobs for TNT;

      (b)      the TNT customer for whom the job was being performed;

      (c)      the physical location, including street name, street number, city, and state where such job for TNT was being performed; and

      (d)      the physical location, including street name, street number, city, and state, where the travel trailer, recreational vehicle, or other portable structure or dwelling or vehicle was parked or located while you were on such jobs for TNT.

**RESPONSE:**

4821-3064-0325.1 098833.1001

5