

**Littler Mendelson, PC**
1301 McKinney Street
Suite 1900
Houston, TX  77010

Jonathan A. Sprague
713.652.4705 direct
713.951.9400 main
713.583.5447 fax
jsprague@littler.com

June 17, 2020

**BY EMAIL (EDMOND@MORELANDLAW.COM)**

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas 78676

Re:   *Repass v. TNT Crane and Rigging, Inc*. – Plaintiffs' Written Discovery Responses

Dear Edmond:

We are in receipt of responses to TNT's First and Second Sets of Interrogatories, Requests for Admission, Requests for Production, and document production.  I write to address deficiencies in Plaintiffs' responses to avoid seeking Court intervention.  Please provide complete supplemental written responses for each Plaintiff and a complete document production on or before June 24, 2020.

**FIRST SET OF INTERROGATORIES**

As an initial matter, several Plaintiffs answered many interrogatories stating "Plaintiff will supplement his response to this interrogatory."[1]  Please provide answers to each interrogatory for which Plaintiffs have stated they will supplement their answers.  TNT is entitled to answers to each of these interrogatories.   In addition, TNT has not received verifications for each Plaintiff's interrogatory answers.  Please provide verifications for each Plaintiff.

Interrogatory No. 2 – This interrogatory asks Plaintiffs to identify any current or former employees of TNT with whom Plaintiffs have communicated regarding the allegations in the Complaint. Plaintiffs each object on the basis of privilege and provide no answers.  This is improper.  To the extent Plaintiffs have communicated with current or former employees regarding the allegations in the Complaint without their attorneys, this information is discoverable and should be disclosed. Please supplement Plaintiffs' answers to include any such communications or indicate that there are no non-privileged communications.

Interrogatory No. 3 – This interrogatory asks Plaintiffs to provide specific details for each workweek in which they claim they are owed overtime or other compensation.  Plaintiffs have not provided any of the requested information and have instead improperly referred to TNT's

---

[1] *See, e.g.*, T. Garduno's answers to Interrogatory Nos. 5, 7–9, 11.  This is not an exhaustive list. Please supplement each such answer for each Plaintiff.

Edmond S. Moreland, Jr.
June 17, 2020
Page 2

document production and regurgitated information from the Complaint. Each Plaintiff should specifically list each workweek for which he requests compensation and provide the information requested in the interrogatory. Please supplement each Plaintiff's answer to include the information for each individual week.

Interrogatory No. 4 – This interrogatory asks Plaintiffs to state separately the amount of each type of damages claimed. Plaintiffs have not provided information regarding the amount of liquidated and treble damages they seek. Please supplement each Plaintiff's answer to this interrogatory to state the amount of liquidated and treble damages sought.

Interrogatory Nos. 5, 7, and 11 – These interrogatories request information regarding complaints made by Plaintiffs, criminal charges, and policies provided by TNT to Plaintiffs. For each of these interrogatories, Repass refers to sections of his deposition, relying on Federal Rule of Civil Procedure 33(d). This is an improper use of Rule 33(d), which allows a party to refer to business records in answering an interrogatory. A deposition is not a business record for purposes of Rule 33(d). Additionally, the deposition testimony Repass cites does not fully answer each interrogatory. Please supplement Repass's answer to these interrogatories to provide the information requested. For the majority of the other Plaintiffs, these interrogatories were not answered. Although certain Plaintiffs' answers have been supplemented, please provide a substantive response to each of these interrogatories for each Plaintiff.

Interrogatory No. 10 – This interrogatory requests information regarding Plaintiffs' email accounts. Plaintiffs improperly object to this interrogatory based on relevance using outdated language regarding the information is purportedly not "reasonably calculated to lead to the discovery of admissible evidence." Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Plaintiffs' email accounts are relevant, as they may contain documents regarding the claims or defenses at issue in this matter, including time worked. Please supplement each Plaintiff's answer to this interrogatory.

Interrogatory No. 12 – This interrogatory asks Plaintiffs to identify any representative of TNT who may have information regarding travel time, preparatory work, or concluding work. Plaintiffs refer TNT to their disclosures in this case; however, those disclosures make no reference to "travel time," "preparatory work," or "concluding work." Accordingly, Plaintiffs must supplement their answers to this interrogatory to provide the requested information.

Interrogatory Nos. 13 and 14 – These interrogatories ask Plaintiffs to use a chart provided by TNT to show hours Plaintiffs believe they worked and for which they did not receive full payment. Plaintiffs did not fully answer this interrogatory and did not utilize the chart as stated in the interrogatory. Please supplement each Plaintiff's answer utilizing the chart provided by TNT.

Interrogatory Nos. 16 and 17 – These interrogatories ask Plaintiffs to identify each shift where they performed compensable work and were not fully compensated and to provide information

Edmond S. Moreland, Jr.
June 17, 2020
Page 3

regarding each shift. Plaintiffs provided only general information and did not detail any individual shifts for which they allegedly performed compensable work and were not fully compensated. Please supplement each Plaintiff's answer to these interrogatories.

**SECOND SET OF INTERROGATORIES**

Interrogatory No. 19 – This interrogatory asks Plaintiffs to describe with particularity their trial plan that would enable this lawsuit to be tried as a class action under Rule 23. In their answers, Plaintiffs have provided the same generic answer, without providing any particulars regarding their trial plan. This interrogatory pertains to alleged common issues and whether the class is ascertainable and the class action trial is manageable. Plaintiffs claim these requests "seek[] information protected from discovery as trial preparation materials" and "do[] not seek to discover facts, but instead seek[] discovery of information regarding a 'trial plan' into which Defendant itself would have input, and the implementation of which is ultimately within the Court's discretion." Plaintiffs provide no description of a manageable trial plan and instead state only that "the case would be tried by representative testimony and evidence on the issue of liability" and "would later proceed to trial on the issue of damages for the individual class members."

Plaintiffs' descriptions of "representative testimony and evidence" does not describe how TNT's alleged liability for class members who allegedly worked off the clock in different remote locations, in different jobs, and under varying conditions can be tried on a class basis. TNT's requests for the trial plan that would enable the action to be tried as a class action go to the subject matter of the pending action, relate to the manageability of this matter at trial, and seek to determine how Plaintiffs plan to try this matter in a single action. TNT is entitled to know—at this point— Plaintiffs' trial plan. *See, e.g.*, *Woodard v. Andrus*, 272 F.R.D. 185, 192 (W.D. La. 2010). Please supplement each Plaintiff's answer to provide Plaintiffs' trial plan *with particularity*.

**REQUESTS FOR ADMISSION**

Request for Admission No. 28/30 – This request asks Plaintiffs to admit that the Weekly Time Reports and Daily Time Sheets expressly reminded employees to submit the time they spent on travel, fuel, pre-trip, and post-trip activities. Plaintiffs object on the ground that the documents "speak for themselves," which is an unintelligible objection and does not answer the request. Please withdraw these objections and supplement each Plaintiff's response to these requests.

**FIRST REQUESTS FOR PRODUCTION**

Plaintiffs each assert boilerplate objections to several of TNT's Requests for Production[2]. These types of boilerplate objections are improper under Rule 34(b)(2)(B), which states "for each item or category, the response must either state that inspection and related activities will be permitted as requested or state with *specificity* the grounds for objecting to the request, including the reasons." (emphasis added). Plaintiffs have not specifically objected to TNT's Requests and have

---

[2] *See, e.g.*, Plaintiffs' responses to Request Nos. 6, 13, 18–19, and 22–54.

Edmond S. Moreland, Jr.
June 17, 2020
Page 4

not stated if documents are being withheld based on objections other than privilege.  Please provide amended responses to each request for production to indicate whether documents are being withheld and the basis for such withholding.

Plaintiffs also improperly object to several Requests for Production based on relevance using outdated language claiming the information is not "reasonably calculated to lead to the discovery of admissible evidence."[3]  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Please withdraw these objections and supplement any responses and document production accordingly.

Additionally, Plaintiffs have stated they will produce "non-exempt" documents in response to TNT's requests.  This is an improper response, and it is unclear what a "non-exempt" document is.  If Plaintiffs are withholding documents, please amend each Plaintiff's responses to so indicate, and please provide a privilege log for any documents being withheld on the basis of privilege.  Please confirm if no documents have been withheld and on what grounds.

Finally, Plaintiffs have stated in response to several Requests for Production that "Plaintiff will produce non-privileged, non-exempt documents, if Plaintiff has located any after a diligent search."[4]  TNT has not yet received document productions for Plaintiffs Coates, Costlow, Franklin, Garduno, Grimes, Hill, Jones, Kemeha, Marciano, McDonough, Nobles, Ochoa, Ortega, Pounds, Quintana, Ray, Raybion, Rogers, Soto, Spruill, Stafford, Stevens, Thurman, Villa, and Wood.  Please amend each such response to state whether documents have been produced or if no responsive documents exist.  If additional documents exist for the Plaintiffs listed above, please produce those documents.

Please address each of these issues with respect to Plaintiffs' responses to TNT's requests for production and produce all responsive documents.

---

[3] *See, e.g.*, Plaintiffs' responses to Request Nos. 13, 21–23.
[4] *See, e.g.*, Repass's responses to Request Nos. 1–10.  This is not an exhaustive list.  Please supplement each such response for each Plaintiff.

Edmond S. Moreland, Jr.
June 17, 2020
Page 5


Thank you for your attention to this matter. We are hopeful we can resolve these issues without Court intervention. If you would like to discuss by phone, please let me know when you are available to discuss.

Sincerely,

*/s/ Jonathan A. Sprague*

Jonathan A. Sprague


4821-3057-0428.2 098833.1001

# Andy Barrett

| | |
|---|---|
| **From:** | Sprague, Jonathan A. <JSprague@littler.com> on behalf of Sprague, Jonathan A. |
| **Sent:** | Friday, June 26, 2020 12:00 PM |
| **To:** | Edmond Moreland |
| **Cc:** | Daniel Verrett; Jodon, G. Mark; Andy Barrett |
| **Subject:** | RE: Repass v. TNT - Correspondence Regarding Discovery |

Edmond,

We are in receipt of Plaintiffs' answers/responses to TNT's Third Set of Interrogatories and Second Set of Requests for Production. I write to address deficiencies in Plaintiffs' answers/responses.

**Interrogatories**
- Interrogatory No. 20 – This interrogatory asks about Plaintiffs' work in New Mexico. Each plaintiff who answered that he did work in New Mexico referred to TNT's production of time sheets, incorporated answers that were likewise deficient and vague to previous interrogatories, and did not provide the information requested by TNT, including the specific dates each plaintiff worked in New Mexico, the number of hours worked on each of those dates, and the last date on which each plaintiff worked in New Mexico. Please supplement the answers of each plaintiff who claims to have worked in New Mexico to include specific information regarding the dates and hours worked in New Mexico. This information is directly relevant to Plaintiffs' claims. Among other things, Plaintiffs contend they were not properly compensated for time worked and assert claims under New Mexico law, and Plaintiffs must produce information pertinent to those allegations and claims.

**Requests for Production**
- Request for Production Nos. 55 and 56 – These Requests seek tax filings and completed tax records authorizations. Plaintiffs have not responded to these Requests and have stood on objections, including that the information is purportedly not relevant to the claims at issue in this matter. This is untrue. Plaintiffs' tax documents will provide information regarding Plaintiffs' reported wages from TNT and if they itemized their personal taxes may reflect other pertinent information. To the extent Plaintiffs are concerned about disclosing information regarding third parties, the documents can be produced pursuant to the protective order entered in this matter.

Please supplement the answers and document production related to these matters.

Thanks,
Jonathan

**From:** Edmond Moreland <edmond@morelandlaw.com>
**Sent:** Friday, June 19, 2020 12:23 PM
**To:** Sprague, Jonathan A. <JSprague@littler.com>
**Cc:** Daniel Verrett <daniel@morelandlaw.com>; Jodon, G. Mark <MJodon@littler.com>; Andy Barrett <andy@morelandlaw.com>
**Subject:** RE: Repass v. TNT - Correspondence Regarding Discovery

Jonathan,

As I mentioned this morning, since I am going to be on vacation next week, I will aim to respond to your letter during the week of July 29.

Thank you for your professional courtesy.

**Edmond S. Moreland, Jr. | Moreland Verrett, P.C.**
700 West Summit Drive, Wimberley, TX 78676 | (512) 842-6361
edmond@morelandlaw.com | www.austinovertimelawyers.com
*Board Certified - Labor and Employment Law - Texas Board of Legal Specialization

---

**From:** Sprague, Jonathan A. <JSprague@littler.com>
**Sent:** Wednesday, June 17, 2020 4:22 AM
**To:** Edmond Moreland <edmond@morelandlaw.com>
**Cc:** Daniel Verrett <daniel@morelandlaw.com>; Jodon, G. Mark <MJodon@littler.com>
**Subject:** Repass v. TNT - Correspondence Regarding Discovery

Good morning Edmond.

Attached please find a letter regarding discovery in the Repass case.  Please let me know if you'd like to discuss.

Thank you,
Jonathan

**Jonathan Sprague**
Attorney at Law
713.652.4705 direct, 713.305.9208 mobile, 713.583.5447 fax
JSprague@littler.com



Labor & Employment Law Solutions | Local Everywhere
1301 McKinney Street, Suite 1900, Houston, TX 77010-3031

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.