```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TEXAS
                MIDLAND/ODESSA DIVISION

TIMOTHY W. REPASS AND        )
WILLIAM SCOTT MCCANDLESS,    )
INDIVIDUALLY AND ON          )
BEHALF OF ALL OTHERS         )
SIMILARLY SITUATED,          ) CIVIL ACTION
                             )
         Plaintiffs,         ) NO. 7:18-CV-107-DC-RCG
                             )
VS.                          )
                             )
TNT CRANE AND RIGGING,       )
INC.,                        )
                             )
         Defendant.          )


          --------------------------------------

                    ORAL DEPOSITION OF

                       ANTOY BELL

             AS DESIGNATED REPRESENTATIVE OF

                 TNT CRANE & RIGGING, INC.

                      July 15, 2020

                        Volume 1

          --------------------------------------
```

ORAL DEPOSITION OF ANTOY BELL, Volume 1, produced as a witness at the instance of the Plaintiffs, and duly sworn, was taken in the above-styled and numbered cause on the 15th of July, 2020, from 10:03 a.m. to 2:58 p.m., before Julie A. Jordan, CSR, RPR, in and for the State of Texas, reported by machine shorthand via Zoom, at the offices of TNT Crane & Rigging, Inc., 925 South

1  Q. Were any of these complaints in writing?
2  A. I'd have to review the text messages to see if
3 it was that way. Barring that, no, I do not believe so.
4  Q. And when these complaints were -- or concerns
5 were registered with TNT, did TNT undertake a -- a
6 review of any of its compensation policies?
7  A. That would have been shortly after the memo
8 was -- was put out, so the review would have taken place
9 prior to the -- the concern being raised.
10  Q. And you've testified about everything you did
11 to review it back then, right?
12  A. Yes.
13  Q. What written administrative regulations did
14 TNT rely on in formulating its drive time policies to
15 make sure it complied with the FLSA?
16  A. Couldn't recall.
17  Q. Are there any orders or rulings by the
18 Department of Labor that TNT relied on to make sure that
19 its drive time policies were compliant with the FLSA?
20  A. I wouldn't be able to tell you the exact --
21 exact ones.
22  Q. Okay. All of the operators in this case
23 are -- well, at least while working with TNT, were
24 working under the same job description. Is that true?
25  A. Yeah. While they were operators, yes, all the

1  operators would -- would have the same general job
2  description, yes.
3      Q.   Okay.  And TNT has produced one job
4  description in this case and that applies to all of the
5  operators while they were operators, correct?
6      A.   That is correct.
7      Q.   And the operators all performed the same
8  general work, correct?
9      A.   Yes, sir.
10     Q.   And they did so all in the state of Texas,
11 correct?  Well, and New Mexico to some extent?
12     A.   I need to look at the plaintiff list again.
13 It could have been in other states as well.
14     Q.   Well, all of the -- the plaintiffs in this
15 case right now, they all worked out of either Houston,
16 San Antonio, or Midland, correct?
17     A.   Correct.
18     Q.   And all of the plaintiffs were paid by the
19 hour with the possibility of receiving a per diem,
20 correct?
21     A.   Correct.
22     Q.   And all of the crane operators were required
23 to follow the drive time policies applicable to the
24 three yards in the case that we have discussed today,
25 correct?

1  A. Correct.
2  Q. And has TNT or does TNT assert any
3 individualized defenses against any of the particular
4 plaintiffs in the case?
5         MR. JODON: Objection, calls for a legal
6 conclusion.
7  A. I don't know.
8  Q. (BY MR. MORELAND) Okay. Let me ask it in a
9 little bit more concrete way.
10         Has -- does TNT assert any affirmative
11 defenses against one plaintiff that it doesn't assert
12 against another that you can specify right now?
13  A. I -- I can't specify right now. I don't know.
14  Q. Can you specify any defense that TNT asserts
15 in this case that is not applicable to all plaintiffs?
16  A. Each one is a little bit different. I'd have
17 to look at all of them to see.
18  Q. But sitting here today as a corporate
19 representative, you cannot do that, correct?
20  A. Sitting here today without reviewing the
21 defenses in front of my face, no. Maybe if we go and
22 look at each one of them.
23         MR. MORELAND: I'll respectfully object
24 to everything after "no" as nonresponsive.
25  Q. (BY MR. MORELAND) TNT has produced some

```
 1            IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
 2                   MIDLAND/ODESSA DIVISION

 3    TIMOTHY W. REPASS AND        )
      WILLIAM SCOTT MCCANDLESS,    )
 4    INDIVIDUALLY AND ON          )
      BEHALF OF ALL OTHERS         )
 5    SIMILARLY SITUATED,          ) CIVIL ACTION
                                   )
 6           Plaintiffs,           ) NO. 7:18-CV-107-DC-RCG
                                   )
 7    VS.                          )
                                   )
 8    TNT CRANE AND RIGGING,       )
      INC.,                        )
 9                                 )
             Defendant.            )
10

11                    REPORTER'S CERTIFICATION
                        ORAL DEPOSITION OF
12                          ANTOY BELL
                          July 15, 2020
13                          Volume 1
                       (REPORTED REMOTELY)
14
```

15      I, Julie A. Jordan, Certified Shorthand Reporter in

16 and for the State of Texas, hereby certify to the

17 following:

18      That the witness, ANTOY BELL, was duly sworn by the

19 officer and that the transcript of the oral deposition

20 is a true record of the testimony given by the witness;

21      That the original deposition was delivered to

22 Mr. Edmond S. Moreland, Jr.;

23      That a copy of this certificate was served on all

24 parties and/or the witness shown herein on _____.

25      That the amount of time used by each party at the

1  deposition is as follows:

2       EDMOND S. MORELAND, JR. - 04 HOUR(S):00 MINUTE(S)
       G. MARK JODON - NONE
3

4       I further certify that pursuant to FRCP Rule 30 (f)

5  (1) that the signature of the deponent:

6       XXXXX was requested by the deponent or a party

7  before the completion of the deposition and that the

8  signature is to be before any notary public and returned

9  within 30 days from date of receipt of the transcript.

10  If returned, the attached Changes and Signature Pages

11  contain any changes and reasons therefore:

12       _____ was not requested by the deponent or a party

13  before the completion of the deposition.

14       I further certify that I am neither counsel for,

15  related to, nor employed by any of the parties or

16  attorneys in the action in which this proceeding was

17  taken, and further that I am not financially or

18  otherwise interested in the outcome of the action.

19       Certified to by me this 27th of July, 2020.

20                          _____
                         Julie A. Jordan, Texas CSR 3203
21                         Expiration Date:  1/31/22
                         Firm Registration No. 280
22                         JULIE A. JORDAN & COMPANY
                         7800 North MoPac Expressway
23                         Suite 120
                         Austin, Texas 78759
24                         (512) 451-8243
                         (512) 451-7583 (Fax)
25                         E-MAIL:  info@jordanreporting.com