# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § | |
| Plaintiffs, | § | NO. 7:18-CV-107-DC |
| vs. | § | |
| TNT CRANE AND RIGGING, INC., | § | |
| Defendant. | | |

**DEFENDANT TNT CRANE AND RIGGING, INC'S SECOND AMENDED OBJECTIONS AND**
**ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

In accordance with the Federal Rules of Civil Procedure, Defendant TNT Crane and Rigging, Inc. ("TNT") serves its Second Amended Objections and Answers to Plaintiffs' First Set of Interrogatories.

Dated: April 24, 2020

Respectfully submitted,

*/s/ G. Mark Jodon*
G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Jonathan A. Sprague
Texas State Bar No. 24075113
jsprague@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT TNT CRANE AND RIGGING, INC.

(d) The DOCUMENTS sent to the governmental agency; and

(e) The DOCUMENTS received from the governmental agency.

**ANSWER:** TNT objects to this Interrogatory because it is not proportional to the needs of the case. It seeks irrelevant information, is overbroad, is unlimited as to time, and is not limited to information concerning Plaintiffs as it seeks information regardless of the parties involved. In addition, previous government investigations into TNT's pay practices do not necessarily have any bearing on whether Plaintiffs were properly paid. TNT also objects to this Interrogatory on the grounds that the term "inquiry" is vague and ambiguous and does not describe the information sought with reasonable particularity. TNT objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege. TNT further objects to this Interrogatory to the extent it invades the privacy rights of individuals who are not parties to this lawsuit.

Nonetheless, limiting the response to crane operators who have joined the lawsuit and non-privileged, non-work-product information, TNT is unaware of any governmental investigations of its pay practices.

15. IDENTIFY YOUR officers or employees who participated in any decision-making regarding the classification and payment of wages and overtime to PLAINTIFFS and CLASS MEMBERS.

**ANSWER:** TNT objects to this Interrogatory because it is not proportional to the needs of the case. It seeks irrelevant information, is overbroad, and is unlimited as to time. Plaintiffs' request for information concerning "CLASS MEMBERS" is overbroad, irrelevant, and unduly burdensome to the extent it seeks information for unidentified individuals who have not joined this lawsuit. TNT objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege.

Nonetheless, limiting the response to crane operators who have joined the lawsuit and non-privileged, non-work-product information, certain Branch Managers in consultation with Human Resources participated in the decision-making regarding payment of wages and overtime to Plaintiffs during the relevant statutory period. The Branch Manager at the San Antonio branch was Gary Harvey (former employee). Harvey also managed the Midland branch. John Harrison (current employee) is the current Midland Branch Manager. Alex Murray is a Vice President and the Houston Branch manager. Antoy Bell (Human Resources) also participated.

16. Do YOU claim that any PLAINTIFF or CLASS MEMBER was exempt from the wage and overtime provisions of the FLSA or NMMWA? If so, please state the exact reason or reasons for YOUR contention, including the specific exemptions claimed.

**ANSWER:** TNT objects to this Interrogatory because it is not proportional to the needs of the case. It seeks irrelevant information, is overbroad, is unlimited as to time, and is not limited to information concerning Plaintiffs as it refers to employees generally. Plaintiffs' request for information concerning "CLASS MEMBERS" is overbroad, irrelevant, and unduly burdensome to the extent it seeks information for unidentified individuals who have not joined this lawsuit.

Nonetheless, limiting the response to crane operators who have joined the lawsuit and non-privileged, non-work-product information, TNT does not contend that its crane operators were exempt.

17. Do YOU claim that any "good faith" defense may be applicable to one or more claims made against YOU in this matter? If so, please state the exact reason or reasons for YOUR contention.

A "good faith" defense, as used in this interrogatory, includes those defenses set forth in sections 10 and 11 of the Portal to Portal Act, 29 U.S.C. §§ 259(a), 260.

**ANSWER:** TNT objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege. TNT further objects to this Interrogatory on the grounds that it seeks a legal conclusion.

Nonetheless, limiting its response to crane operators who have joined this lawsuit, and non-privileged, non-work-product information, TNT contends that it acted in good faith. As examples, TNT adopted pay practices set forth in the handbook and memos, which have been produced in this lawsuit. *See* TNT [Repass] 005944 - 5946, TNT [Repass] 005596 - 99, TNT [Repass] 005955, TNT [Repass] 008450, TNT [Repass] 005600 - 10, TNT [Repass] 009111 – 12. Additionally, Antoy Bell (Human Resources) was consulted with respect to certain pay practices; Bell works for TNT in an HR role but is also a licensed attorney. TNT will also supplement its answer in accordance with its obligations under the Federal Rules of Civil Procedure through the course of discovery.

18. Do YOU claim that any classification, "good faith" defense, or policy or procedure regarding the payment of wages and overtime to PLAINTIFFS or CLASS MEMBERS was undertaken on the advice of legal counsel? If so, please provide the following:

(a) The IDENTITY of all officers or employees relying upon advice of legal counsel;

(b) The IDENTITY of legal counsel upon whose advice YOU relied;

(c) The date and subject of all meetings and communications with YOUR legal counsel related to the claim, as well as the IDENTITY of all PERSONS present or involved; and

(d) The IDENTITY of all DOCUMENTS related to YOUR reliance on legal counsel.

A "good faith" defense, as used in this interrogatory, includes those defenses set forth in sections 10 and 11 of the Portal to Portal Act, 29 U.S.C. §§ 259(a), 260.

**ANSWER:** TNT objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege. TNT further objects to this Interrogatory on the grounds that it seeks a legal conclusion.

Nonetheless, limiting its response to crane operators who have joined this lawsuit, and non-privileged, non-work-product information, TNT contends that it acted in good faith. As examples, TNT adopted pay practices set forth in the handbook and memos, which have been produced in this lawsuit. *See* TNT [Repass] 005944 - 5946, TNT [Repass] 005596 - 99, TNT [Repass] 005955, TNT [Repass] 008450, TNT [Repass] 005600 - 10, and TNT [Repass] 009111 – 12. TNT did not seek legal advice from outside or inside counsel with respect to the overtime pay issues concerning Plaintiffs in this lawsuit. However, Antoy Bell (Human Resources) was consulted with respect to certain pay practices; Bell works for TNT in an HR role but is also a licensed attorney. TNT will also supplement its answer in accordance with its obligations under the Federal Rules of Civil Procedure through the course of discovery.

19. Please identify every individual who set YOUR pay practices for the PLAINTIFFS and CLASS MEMBERS. For each individual, state the individual's role in setting YOUR pay practices.

**ANSWER:** TNT objects to this Interrogatory because it is not proportional to the needs of the case. It seeks irrelevant information, is overbroad, and is unlimited as to time. Plaintiffs' request for information concerning "CLASS MEMBERS" is overbroad, irrelevant, and unduly burdensome to the extent it seeks information for unidentified individuals who have not joined this lawsuit. TNT objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other privilege.

Nonetheless, certain Branch Managers set pay practices for Plaintiffs during the relevant statutory period and may have done so in consultation with Human Resources. The Branch Manager at the San Antonio branch was Gary Harvey (former employee). Harvey also managed the Midland branch. John Harrison (current employee) is the current Midland Branch Manager. Alex Murray is a Vice President and the Houston Branch manager. Antoy Bell (Human Resources) also participated.

20. State the annual gross volume of sales for and/or services provided by Defendant and any other related business enterprise operated by you during each of the following years: 2015, 2016, 2017, 2018, and continuing through to time of trial.

**ANSWER:** TNT objects to this Interrogatory because it is not proportional to the needs of the case. It seeks irrelevant information, is overbroad, and is unlimited as to time. TNT's annual gross volume of sales or services has no bearing on whether or not Plaintiffs were properly paid. TNT further objects to this Interrogatory as seeking confidential and proprietary business information.

Nonetheless, limiting its response to crane operators who have joined this lawsuit, and non-privileged, non-work-product information, TNT's annual gross volume of sales made or business done is sufficient for TNT to be covered by the FLSA.

21. IDENTIFY all Crane Operators employed by YOU who performed work in New Mexico during any workweek without any time limitation. In answering this interrogatory, provide the individual's full name, whether the individual is currently employed by YOU, date(s) when the individual became a Crane Operator, date(s) when the individual either terminated employment or became a different position with YOU, and identify the workweek(s) the individual performed work in New Mexico as a Crane Operator.

**ANSWER:** TNT objects to this Interrogatory because it is not proportional to the needs of the case. It seeks irrelevant information, is overbroad, is not appropriately limited as to time, and is not limited to information concerning Plaintiffs as it seeks information concerning all crane operators who performed work in New Mexico, regardless of whether they have joined this lawsuit. TNT further objects to this Interrogatory to the extent it invades the privacy rights of individuals who are not parties to this lawsuit. This Interrogatory is unduly burdensome because it seeks information regarding workweeks for all such individuals, including those who are unidentified and have not joined this lawsuit.

Nonetheless, limiting the response to crane operators who have joined this lawsuit and non-privileged, non-work-product information, TNT has previously provided a list of crane operators. TNT does not have information regarding when each such individual became a crane operator. Additionally, pursuant to Federal Rule of Civil Procedure 33(d), information responsive to this Interrogatory may be determined by examining the documents TNT has produced in response to Plaintiffs' request for production.

22. Identify each and every crane operator who performed work for YOU in the State of New Mexico at any time during the following time periods, and state the date(s) that each person identified performed work for YOU in the State of New Mexico:

(a) June 19, 2015 to the present; and
(b) June 19, 2009 to the present.

**ANSWER:** TNT objects to this Interrogatory because it is not proportional to the needs of the case. It seeks irrelevant information, is overbroad, is not appropriately limited as to time, and is not limited to information concerning Plaintiffs as it seeks information concerning all crane operators who performed work in New Mexico, regardless of whether

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § | NO. 7:18-CV-107-DC |
| vs. | § § | |
| TNT CRANE AND RIGGING, INC., | § § § | |
| Defendant. | § § | |

**VERIFICATION**

My name is Antoy Bell. I have been authorized by Defendant TNT Crane & Rigging, Inc. ("Defendant") to verify Defendant's Second Amended Objections and Answers to Plaintiff's First Set of Interrogatories. I know the factual contents thereof and the answers are true and correct and based on my personal knowledge. I declare under penalty of perjury that the foregoing is true and correct.

Executed April 24, 2020.

______________________
**Antoy Bell**

4826-7165-7147.1 098833.1001