IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| TIMOTHY W. REPASS and WILLIAM SCOTT McCANDLESS, Individually and On Behalf of All Others Similarly Situated, § § § § § | | |
| Plaintiff, § | | Civil Action No. |
| § | | 7:18-CV-00107-DC-RCG |
| v. § § | | |
| TNT CRANE AND RIGGING, INC. § § | | |
| Defendant. § | | |

### PLAINTIFFS' UNOPPOSED MOTION TO EXTEND TIME TO FILE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Timothy W. Repass and William Scott McCandless, Plaintiffs in the above-entitled and numbered action, file this Unopposed Motion to Extend Time for Plaintiffs to file their Motion for Partial Summary Judgment and show the following in support:

Under the Court's Amended Scheduling Order of August 17, 2021 (Dkt. No. 152), the deadline for the parties to file dispositive motions was October 2, 2021. Plaintiffs filed their Motion for Partial Summary Judgment at 12:17 a.m. on October 5, 2021, technically three days late due to two mistakes by the undersigned counsel constituting excusable neglect. This "[C]ourt may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

First, the undersigned counsel incorrectly calendared the deadline as October 4, 2021, because October 2 fell on a Saturday and Rule 6(a)(1)(c) extends certain deadlines that fall on Saturdays, Sundays, or holidays until the next working day. However, the undersigned counsel failed to remember that Rule 6(a)(1)(c) applies only to deadlines defined in terms of a period of

days or a longer unit, not to specific dates. Second, the undersigned counsel continued editing the motion until near midnight on October 4. Counsel then encountered technical problems with the formatting of the PDF exhibits causing the Court's CM/ECF system to reject the exhibits. Counsel resolved the issue and filed the motion at 12:17 a.m. on October 5.

"The standard for determining the existence of excusable neglect is an equitable one that allows the district court discretion based on consideration of the following factors: 'the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' " *Guerra v. City of Pleasanton*, No. SA-20-CV-00536-XR, 2021 WL 2366102, at *1 (W.D. Tex. June 9, 2021) (quoting *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468–69 (5th Cir. 1998)); citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

"This district court has more leeway in determining excusable neglect when the district court grants the motion requesting a time extension" than when it rejects a motion for extension. *Id.* (citing *Stotter v. Univ. of Tex. San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). While "[m]ere ignorance of the rules does not usually constitute excusable neglect . . . the district court can, in exercising its discretion, find an erroneous reading of the rules to constitute excusable neglect." *Guerra*, 2021 WL 2366102, at *1 (citing *Pioneer*, 507 U.S. at 392; *Halicki*, 151 F.3d at 468–69).

For example, the Fifth Circuit has upheld a district court finding of excusable neglect as a result of "good faith misinterpretation of the rules, rather than . . . simply miscalculating the date on which the notice was due." *U.S. v. Evbuomwan*, 36 F.3d 89 (5th Cir. 1994). The Fifth Circuit noted that the filing in question was only two days late and that the standard for excusable neglect is "at bottom an equitable one." *Id.*

In *Stotter*, the Fifth Circuit upheld the district court's finding of excusable neglect based

on an attorney's accidently entering the wrong year onto a new computer-based calendar. *Stotter*, 508 F.3d at 820. The Fifth Circuit noted the discretion granted to district courts under the excusable neglect standard, the excuse provided, and the minimal delay and prejudice. *Id.*

Here, as in *Guerra*, *Stotter*, and *Evbuomwan*, the delay of three days due to counsel's good faith mistakes creates no danger of prejudice to TNT and no appreciable impact on the judicial proceedings. Plaintiffs further not that TNT does not oppose this motion.

Respectfully submitted,

**FAIR LABOR LAW**

By: */s/ Aaron Johnson*
Aaron Johnson
State Bar No. 24056961
ajohnson@fairlaborlaw.com
314 E. Highland Mall Blvd, Ste. 401
Austin, Texas 78752
Ph: (512) 277-3505
Ph: (512) 277-3254

**MORELAND VERRETT, P.C.**
Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
Daniel A. Verrett
State Bar No. 24075220
daniel@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676
Ph: (512) 782-0567
Fax: (512) 782-0605

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF CONERENCE**

The undersigned hereby certifies that he conferred with counsel for Defendant by email on October 5, 2021, regarding the relief requested with this motion, and Defendant's counsel advises that Defendant **does not oppose** the relief requested herein.

*/s/ Aaron Johnson*
Aaron Johnson

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, I electronically submitted the foregoing document for filing using the Court's CM/ECF system, which will serve a true and correct copy of the foregoing document upon counsel of record.

*/s/ Aaron Johnson*
Aaron Johnson